**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**John LEASA, Appellant.**

Superior Court of Pennsylvania.

Submitted June 5, 2000.

Filed Sept. 11, 2000.

Robert E. Stewart, Pittsburgh, for appellant.

Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: McEWEN, President Judge, DEL SOLE and OLSZEWSKI, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal from an order filed in response to Appellant's second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, which reinstated Appellant's rights to appeal the denial of his initial PCRA petition. Appellant's original appeal of the denial of his first PCRA petition was dismissed by this Court for counsel's failure to file a brief. Thereafter, Appellant filed, *pro se,* a second PCRA petition requesting reinstatement, *nunc pro tunc,* of his appeal rights as to the order dismissing his first PCRA petition. The court below reinstated those rights, *nunc pro tunc,* by order dated September 15, 1999. This appeal followed.

¶ 2 Appellant pled guilty to a variety of drug and property crimes and was sentenced to an aggregate term of 5 to 15 years' imprisonment. Following trial, Appellant pursued a direct appeal. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. *Commonwealth v. Leasa,* 454

Pa.Super. 706, 685 A.2d 1044 (1996), *appeal denied,* 547 Pa. 714, 688 A.2d 171 (1997).

¶ 3 Eventually, Leasa turned to the PCRA for relief, filing his first petition on July 16, 1997. As stated, this was dismissed on the merits on February 18, 1998. Although Leasa filed a timely notice of appeal from this ruling, the appeal was dismissed without prejudice by this Court on September 4, 1998, for counsel's failure to file a brief. On August 2, 1999, Appellant filed a second PCRA petition and requested, *inter alia,* reinstatement of his appeal rights as to the dismissal of his first PCRA petition. The PCRA court granted this relief prompting our review.

■ ¶ 4 Initially we note that we reject any claim that Appellant's second petition should have been dismissed by the PCRA court as untimely filed pursuant to 42 Pa. C.S.A. § 9545. While on its face the second petition may appear to be untimely filed since it was not filed until well over two years after our Supreme Court denied review, the facts of this case indicate that the second petition was merely an extension of the litigation of Appellant's first PCRA petition.

¶ 5 Appellant timely filed his first PCRA petition and a timely appeal to this court followed. However, when a brief was not filed on Appellant's behalf, this court dismissed Appellant's appeal "without prejudice to his rights under the Post Conviction Relief Act." In other words, this court dismissed the appeal and remanded the matter so that Appellant could pursue those claims which his counsel effectively waived by failing to file an appellate brief. Thus, upon the filing of Appellant's "second" PCRA petition, the PCRA court properly granted Appellant the relief sought in the form of a *nunc pro tunc* appeal from the denial of his first petition and the appointment of counsel for purposes of this appeal. *Commonwealth v. Peterson,* 756 A.2d 687, 2000 Pa.Super. 20 (2000).

■ ¶ 6 Turning to the merits of the issue raised on appeal, we conclude Appellant is entitled to no relief. Appellant claims that both trial and appellate counsel were ineffective for failing to object to his untimely sentencing which occurred in excess of sixty days beyond the entry of his guilty plea. Appellant asserts that under the dictates of Pa.R.Crim.P. 1405 and *Commonwealth v. Anders,* 555 Pa. 467, 725 A.2d 170 (1999) he is entitled at least to a hearing to determine if he was prejudiced by the delay of 125 days following his entry of his guilty plea before sentence was imposed.

¶ 7 This issue is not cognizable under the PCRA. Claims of ineffective assistance of counsel are cognizable only where the ineffectiveness undermines the truth-determining process. 42 Pa.C.S.A. § 9543(a)(2)(ii). Appellant's ineffectiveness claim involves a sentencing issue that is unrelated to the truth-determining process.

¶ 8 Accordingly, having found that the PCRA court properly reinstated Appellant's appeal rights, but that the issue on appeal has no merit, we affirm the denial of PCRA relief.

¶ 9 Order affirmed.