COMMONWEALTH of Pennsylvania, Appellee,

v.

John L. ROSS, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 28, 2000.

Filed Oct. 30, 2000.

Reargument Denied Jan. 4, 2001.

Jack M. Myers, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before STEVENS, LALLY–GREEN, and BECK, JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, John Ross, appeals from the denial of his "Petition to File Appeal *Nunc Pro Tunc.*" The trial court dismissed the petition as an untimely second PCRA petition. We reverse.

¶ 2 The procedural history of the case is as follows. On December 9, 1988, after a non-jury trial, Appellant was convicted of third degree murder and possessing an instrument of crime. N.T., 12/9/88, at 104. Appellant was sentenced to life imprisonment on November 20, 1989.[1] N.T., 11/20/89, at 10. This Court affirmed the judgment of sentence on August 24, 1990. *Commonwealth v. Ross*, 405 Pa.Super. 631, 581 A.2d 976 (1990) (memorandum). On July 10, 1991, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Ross*, 527 Pa. 672, 594 A.2d 658 (1991).

¶ 3 On December 27, 1996, Appellant filed a PCRA petition. On January 20, 1998, appointed counsel filed an amended petition, which was denied on June 18, 1998. Counsel filed a timely notice of appeal from the PCRA order, but failed to file a PCRA appellate brief. On November 20, 1998, through a *per curiam* order, this Court dismissed Appellant's appeal for failure to file a brief "without prejudice to Appellant's rights under the Post Conviction Relief Act." Appellant was advised of this disposition on March 26, 1999.

¶ 4 On April 13, 1999, Appellant filed a *pro se* "Petition to File Appeal *Nunc Pro Tunc.*" In this Petition, Appellant alleged ineffectiveness of prior PCRA appellate counsel for failure to file a brief. Appoint-

---

1. Because Appellant had a prior conviction for voluntary manslaughter, a life sentence for the instant offense was mandatory. *See,* 42 Pa.C.S.A. § 9715(a).

ed counsel filed an amended petition on August 12, 1999. The PCRA court dismissed the petition on December 12, 1999, reasoning that it was an untimely second PCRA petition. This appeal followed.

■ ¶ 5 Appellant raises one issue on appeal:

> Whether the defendant is entitled to the grant of leave to file a notice of appeal *nunc pro tunc* as a result of prior post-conviction counsel's ineffectiveness for failing to comply with the Superior Court's briefing schedule resulting in the dismissal of the prior appeal from the denial of post-conviction relief.

Appellant's Brief at 4. "Our review of the denial of PCRA relief is limited to determining whether the record supports the findings of the PCRA court, and whether the court's order is otherwise free of legal error." *Commonwealth v. Ginglardi*, 758 A.2d 193, 196, 2000 PA Super 220 at ¶ 7.

¶ 6 Appellant appears to recognize that under our Supreme Court's decision in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), his petition seeking reinstatement of PCRA appellate rights *nunc pro tunc* would be treated as a second PCRA petition. Moreover, it is undisputed that if this petition is treated as a second PCRA petition, it would be considered untimely.[2]

¶ 7 Appellant argues, however, that since his second petition was filed before the *Lantzy* decision, *Lantzy* should not be applied retroactively.[3] Appellant relies on this Court's recent *en banc* companion decisions in *Commonwealth v. Garcia*, 749 A.2d 928 (Pa.Super.2000) and *Commonwealth v. Hitchcock*, 749 A.2d 935 (Pa.Super.2000).[4] For convenience, we will refer only to *Garcia* throughout the remainder of this Memorandum.

¶ 8 In *Garcia*, this Court *en banc* held that *Lantzy* does not apply retroactively. Garcia had filed a *pro se* petition alleging that counsel was ineffective for failing to file a direct appeal as requested. Garcia, however, filed his petition beyond the time limits for filing a PCRA petition. The trial court denied the petition summarily. By the time the case reached this Court, our Supreme Court had decided *Lantzy*.

¶ 9 We observed that before our Supreme Court decided *Lantzy*, reinstatement of appellate rights *nunc pro tunc* was an available remedy outside of the strictures of the PCRA. *Garcia*, 749 A.2d at 931, *citing Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760, 764–765 (1996); *Commonwealth v. Lantzy*, 712 A.2d 288, 291–292 (Pa.Super.1998) (*en banc*); *Commonwealth v. Hall*, 713 A.2d 650, 652 (Pa.Super.1998), *appeal granted*, 561 Pa. 669, 749 A.2d 467 (2000), and *Commonwealth v.*

---

2. Specifically, under 42 Pa.C.S.A. § 9545(b), a second PCRA petition must be filed within one year of the date the judgment of sentence becomes final, except under three limited circumstances not applicable here. *See, Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998). Because Appellant did not seek review with the United States Supreme Court, his judgment of sentence became final on or about October 10, 1991; *i.e.*, 90 days after our Supreme Court denied Appellant's petition for allowance of appeal. *See*, 42 Pa. C.S.A. § 9545(b)(3); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa.Super.1998). Thus, if the "Petition to File Appeal *Nunc Pro Tunc*" were considered a second PCRA petition, it would have been due on or about October 10, 1992. 42 Pa.C.S.A. § 9545(b). The petition was filed on April 13, 1999, over

seven years beyond the deadline for filing a second PCRA petition. Moreover, the one-year grace period found in the 1995 amendments to the PCRA would not apply, because that grace period applies only to first PCRA petitions. *Alcorn, supra.* Even if the grace period did apply, Appellant's second petition would be untimely because the grace period expired on January 16, 1997. *Id.*

3. Appellant's petition was filed on April 13, 1999; *Lantzy* was decided on July 7, 1999.

4. We note that the trial court did not have the benefit of *Garcia* and *Hitchcock* when it dismissed Appellant's petition. The court dismissed the petition on December 12, 1999; *Garcia* and *Hitchcock* were decided on March 23, 2000.

*Petroski*, 695 A.2d 844, 847 (Pa.Super.1997). We then noted that *Lantzy* "overruled prior caselaw and announced a new principle of law." *Garcia*, 749 A.2d at 932. Finally, we held that *Lantzy* should not be applied retroactively because: (1) the new standard does not implicate the truth-determining process or cast doubt on the underlying conviction, such that the rule should be applied retroactively; (2) a defendant whose case falls under the prior law would have relied heavily thereon in obtaining relief; (3) while relatively few defendants would be affected by a retrospective application of *Lantzy*, such application would leave them "wholly without a remedy"; and (4) it is unjust to leave such individuals without any remedy when they relied on "a procedure for obtaining redress that was approved by this Court." *Id.* at 933.[5]

¶ 10 It is not seriously disputed that the reasoning of *Garcia* applies to the instant case. First, as in *Garcia*, Appellant's petition to reinstate appellate rights *nunc pro tunc* was filed before our Supreme Court decided *Lantzy*. While *Garcia* involved the reinstatement of **direct** appeal rights *nunc pro tunc*, and Appellant's case involves reinstatement of **PCRA** appellate rights *nunc pro tunc*, both involve the reinstatement of appeal rights allegedly lost through the ineffectiveness of counsel for failing to pursue the appeal.

[2–4] ¶ 11 Second, in each case, the defendant is forced to file a petition for extraordinary relief in order to vindicate his rights. As a PCRA petitioner, Appellant is entitled to effective assistance of counsel for his first PCRA petition. *Commonwealth v. Porter*, 556 Pa. 301, 728 A.2d 890, 896 (1999). This right to counsel extends to PCRA appeals as well. *Com-*

*monwealth v. Quail*, 729 A.2d 571, 573 (Pa.Super.1999). Clearly, Appellant's PCRA appellate counsel was required, when he filed a notice of appeal, to file an appellate brief.

■ ¶ 12 Third, in each case, the petitioner relied on a procedure which, prior to our Supreme Court's decision in *Lantzy*, was approved by existing case law. Pre-*Lantzy* case law permitted the reinstatement of appellate rights *nunc pro tunc* outside of the strictures of the PCRA. *Garcia*, 749 A.2d at 931, *citing Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760, 764–765 (1996). Thus, analogizing the instant case to *Garcia*, we conclude that Appellant's "Petition to File Appeal *Nunc Pro Tunc*" is not governed by the timeliness requirements of the PCRA.

■ ¶ 13 The Commonwealth argues that *Garcia* was "wrongly decided." Commonwealth's Brief at 5. A three-judge panel of this Court is not in a position to overrule *en banc* decisions of this Court, or to declare that they are wrongly decided. *Commonwealth v. Bucknor*, 441 Pa.Super. 441, 657 A.2d 1005, 1007 n. 1 (1995) ("as a three judge panel we are bound by the decisions of a court *en banc* "), *appeal denied*, 542 Pa. 640, 666 A.2d 1050 (1995). Accordingly, even if we believed that *Garcia* was wrongly decided, we would still be bound by that decision because there is no persuasive legal basis for distinguishing *Garcia* from the instant case.

¶ 14 The Commonwealth notes that "an *allocatur* petition is currently pending in *Garcia*." Commonwealth's Brief at 5 n. 1. Moreover, the Commonwealth predicts that *Garcia* will be overruled by our Supreme Court. *Id.* at 4–9.[6] This argument

---

5. We noted that the certified record in Garcia's case was unclear as to whether Garcia's counsel disregarded a request to file a direct appeal. *Garcia*, 749 A.2d at 934. Therefore, we remanded for an evidentiary hearing to give Garcia the opportunity to prove his claim. *Id.*

6. The Commonwealth relies heavily on *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201 (2000). In *Murray*, our Supreme Court affirmed the dismissal of an untimely first PCRA petition which alleged ineffectiveness of counsel for failing to file a timely direct appeal. Our Supreme Court held that the PCRA's timeliness requirements apply to all

is best reserved for our Supreme Court. At present, *Garcia* remains precedent and, until and unless *Garcia* is overruled, it controls the instant case.

¶ 15 We also find guidance in recent panel decisions of this Court. In *Commonwealth v. Hernandez*, 755 A.2d 1 (Pa.Super.2000) at ¶ 26, this Court followed *Garcia/Hitchcock*. The *Hernandez* court concluded that a petition for leave to file a direct appeal *nunc pro tunc* was not an untimely PCRA petition where: it was filed before our Supreme Court's decision in *Lantzy;* and, appellate counsel was ineffective for failing to preserve an issue through a Rule 1925 statement. In *Commonwealth v. Priovolos*, 746 A.2d 621 (Pa.Super.2000), *appeal denied*, —— Pa. ——, 758 A.2d 1198, 2000 Pa. LEXIS 1282, (2000), we noted that this Court has treated second petitions as falling outside the strict timeliness requirements of the PCRA where they seek to remediate the procedural default of PCRA counsel, such as where PCRA counsel fails to file an appellate brief. *Id.* at 624, *citing Commonwealth v. Thomas*, 396 Pa.Super. 92, 578 A.2d 422, 424 (1990).

¶ 16 Finally, in *Commonwealth v. Leasa*, 759 A.2d 941, we addressed precisely the same procedural scenario as in the instant case. Defendant Leasa filed a PCRA petition after his direct appeal had been exhausted. After the PCRA petition was dismissed on the merits, counsel filed a notice of appeal but failed to file an accompanying brief. This Court dismissed the appeal for failure to file a brief, "without prejudice to his rights under the Post Conviction Relief Act." *Id.* at ¶ 4. Leasa then filed a second PCRA petition seeking reinstatement of PCRA appellate rights *nunc pro tunc*. The PCRA court granted the petition and appointed counsel to file an appellate brief. *Id.* at ¶ 5. We approved this procedure, noting that "the facts of this case indicate that the second petition was merely an extension of the litigation of Appellant's first PCRA petition." *Id.* at ¶ 4. While this discussion in *Leasa* was arguably *dicta* because the trial court had granted the relief requested, we find the court's analysis persuasive.

¶ 17 Order vacated. Remanded for appointment of PCRA appellate counsel to file an appellate brief. Panel jurisdiction retained.

¶ 18 STEVENS, J., files a Dissenting Opinion.

STEVENS, J., dissenting.

¶ 1 I respectfully dissent from the majority's memorandum on two grounds.

¶ 2 Initially, as I indicated in my dissenting opinions to *Commonwealth v. Garcia*, 749 A.2d 928 (Pa.Super.2000) (*en banc* ) (Stevens, J., dissenting), *Commonwealth v. Hitchcock*, 749 A.2d 935 (Pa.Super.2000) (*en banc* ) (Stevens, J., dissenting), I believe *Lantzy* should be applied retroactively. As such, I would find that Appellant's petition seeking reinstatement of PCRA appellate rights *nunc pro tunc* should be considered an untimely second PCRA petition, which was properly dismissed by the PCRA court.

¶ 3 Further, I disagree that a PCRA petitioner is entitled to appointment of counsel on his initial PCRA petition, with-

---

PCRA petitions, regardless of the nature of the underlying claims. *Id.* at 202–203. Moreover, "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id.* at 203.

We recognize that the language of *Murray* does suggest that *Garcia* may be overturned.

Nevertheless, *Murray* is not controlling because it did not address the key issue resolved in *Garcia*, i.e., that *nunc pro tunc* procedures are available to defendants who filed such petitions before our Supreme Court decided *Lantzy*. The petitioner in *Murray* filed a PCRA petition and not a petition to reinstate appellate rights *nunc pro tunc*. Also, the petitioner in *Murray* did not argue that *nunc pro tunc* procedures outside the strictures of the PCRA were available to him.

out first remanding for the PCRA court to make a determination as to whether or not the PCRA petition is patently frivolous and without support in the record.

¶ 4 Pa.R.Crim.P. 1507 provides in relevant part as follows:

> [I]f the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 1507(a).

¶ 5 In the comment to the aforesaid rule, it is stated that:

> To determine whether a summary dismissal is appropriate, the judge should thoroughly review the petition, the answer, if any, and all other relevant information that is included in the record. If, after this review, the judge determines that the petition is patently frivolous and without support in the record, or that the facts alleged would not, even if proven, entitle the defendant to relief, or that there are no genuine issues of fact, the judge may dismiss the petition as provided herein.

Comment, Pa.R.Crim.P. 1507.

¶ 6 Although Rule 1504(a) indicates that "...the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief ...", I would first require the PCRA court to apply the principles of Rule 1507, *supra,* and summarily dismiss the petition without the appointment of counsel if the judge finds that the petition is "patently frivolous and without support in the rec-

ord." In the event the PCRA court finds the petition is not frivolous, then I would apply Pa.R.Crim.P. 1504(a) for the appointment of counsel.

¶ 7 There is no constitutional right to counsel in a collateral proceeding. *See Commonwealth v. Travaglia,* 541 Pa. 108, 661 A.2d 352 (1995). Therefore, if the record supports the finding of a PCRA court that a petition is patently frivolous, there should be no automatic right to the appointment of counsel. To rule otherwise opens the door for a continued assault on our legal system by the filing of frivolous appeals.

¶ 8 For the above reasons, I would affirm the dismissal of Appellant's petition.