Antonio PEARSON, Petitioner

v.

Gerald ROZUM, et al., Respondents

No. CIV.A.05–2189.

United States District Court, E.D. Pennsylvania.

Nov. 22, 2005.

---

Antonio Pearson, Somerset, PA, pro se.

Thomas W. Dolgenos, District Attorney's Office, Philadelphia, PA, for Respondents.

## MEMORANDUM OPINION AND ORDER

RUFE, District Judge.

Petitioner Antonio Pearson ("Pearson") brings this *pro se* action for federal habeas corpus relief from his state conviction pursuant to 28 U.S.C. § 2254. Pending before the Court are Pearson's Petition for Writ of Habeas Corpus [Doc. # 1], the Report and Recommendation ("R & R") of Magistrate Judge Timothy R. Rice [Doc. # 19] recommending denial of Pearson's federal habeas petition, and Pearson's Objections to the R & R [Doc. # 24].[1] For the reasons stated below, the Court overrules Pearson's objections and approves and adopts Judge Rice's R & R.

## I. PROCEDURAL HISTORY & FACTUAL BACKGROUND

For purposes of this Memorandum Opinion, the Court hereby incorporates the clear and concise recitation of facts in Magistrate Judge Rice's R & R:

On February 13, 1991, Pearson was convicted of murder and related charges by a jury in the Court of Common Pleas of Philadelphia County. On December 20, 1993, he was sentenced to life imprisonment by the Honorable Theodore McKee. On May 17, 1995, the Pennsylvania Superior Court affirmed the judgment of sentence and on December 1, 1995, the Pennsylvania Supreme Court denied Pearson's request for discretionary review.

Pearson filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, et seq. on March 11, 1997. Counsel was appointed, filed a "no merit" letter, and petitioned to withdraw from the case, pursuant to *Common-*

---

1. Pearson also filed two related *pro se* motions: (1) a Motion for Default Against Respondents for Failing to File Memorandum of Law in Time Allowed by Order; and (2) an Objection to Grant of Motion for Nunc Pro Tunc Enlargement of Time by Respondents. Both motions are addressed herein.

*wealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). On January 4, 1999, the trial court dismissed Pearson's PCRA petition without a hearing. Pearson then filed a pro se notice of appeal, which was dismissed on June 28, 2000 for failure to file a brief. Pearson did not petition for allowance of appeal to the Pennsylvania Supreme Court.

Pearson filed a second PCRA petition on July 31, 2000, seeking reinstatement of his right to appeal the dismissal of his first PCRA filing. The state court dismissed the second petition as untimely on January 17, 2002. The Superior Court affirmed the dismissal in a memorandum opinion. *Commonwealth v. Pearson*, 864 A.2d 582 (2004).

Pearson's federal habeas petition was signed May 5, 2005 and filed in this Court on May 9, 2005. He alleges various constitutional violations stemming from the alleged ineffectiveness of his PCRA counsel and appellate counsel.[2]

This Court referred Pearson's federal habeas petition to Magistrate Judge Rice for a report and recommendation, to which Pearson has filed objections.

## II. DISCUSSION

This Court reviews Pearson's federal habeas corpus petition under the statutory framework of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA").[3] Under AEDPA, federal habeas petitions attacking state convictions are subject to a one-year statute of limita-

tions.[4] The AEDPA statute of limitations is tolled for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[5]

Where a habeas petition has been referred to a magistrate judge for a report and recommendation, as is the case here, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[6]

Pearson does not specifically object to the R & R, but instead generally reasserts the arguments set forth in his federal habeas petition. Pearson's main argument is that Magistrate Judge Rice, like the Superior Court of Pennsylvania, erred in retroactively applying 2003 Pennsylvania Supreme Court precedent—rather than applying state precedent in effect when he filed his second PCRA petition in 2001—to determine that his second PCRA petition was not "properly filed" for purposes of AEDPA. Pearson argues that his federal petition is timely because the AEDPA limitations period was statutorily and equitably tolled through the date he filed it.[7]

In light of Pearson's failure to object to specific findings in the R & R and based upon its sound reasoning, this Court will briefly review *de novo* whether Pearson's federal habeas petition was timely filed under AEDPA.

---

2. R & R at 1–2.

3. Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (1996).

4. 28 U.S.C. § 2244 (2000).

5. § 2244(d)(2).

6. 28 U.S.C. § 636(b)(1) (2000); Fed.R.Civ.P. 72(b).

7. In the two related motions filed along with his Objections to the R & R, Pearson also objects to Judge Rice's prior orders granting the government additional time in which to respond to his habeas petition. This Court refuses to find that Magistrate Judge Rice abused his discretion in granting the government additional time, and therefore Pearson's motions are denied.

At the outset, it is uncontested that without the benefit of tolling through March 5, 2005, Pearson's habeas petition was not filed within the AEDPA one-year statute of limitations. Since Pearson's conviction became final before the enactment of AEDPA, he had until April 23, 1997 to file his federal habeas petition.[8] Moreover the R & R correctly concludes that Pearson's first PCRA petition "tolled the [AEDPA] limitations period until July 28, 2000, when the time for seeking review in the Pennsylvania Supreme Court ended."[9] Pearson, however, did not file his federal habeas petition until March 5, 2005,[10] and thus, Pearson must establish some basis for tolling the limitations period through that date.

### A. Statutory Tolling

■ The first issue is whether Pearson's second PCRA petition statutorily tolled the AEDPA limitations period. This issue turns on whether Pearson's second PCRA petition was timely filed.

■ An untimely PCRA petition is not "properly filed" so as to toll the AEDPA limitations period.[11] In determining whether a PCRA petition was properly filed, this Court must look to state law. The Third Circuit has explained:

> [T]he AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was "submitted according to the state's procedural requirements, such as the rules governing the timing and place of filing." Therefore, to apply this statute as a matter of federal law we must look to state law governing when a petition for collateral relief is properly filed. The AEDPA requires us to interpret state law as we do when sitting in diversity cases, and we therefore must defer to a state's highest court when it rules on an issue.[12]

Thus, the Court must determine whether Pearson's second PCRA petition was submitted according to the procedural requirements of PCRA, giving appropriate deference to the Superior Court's ruling on this issue.

Here, the Superior Court held that Pearson's second PCRA petition was barred under the PCRA statute of limitations. The Superior Court followed well-established Pennsylvania Supreme Court precedent which provides that strict compliance with the PCRA limitations provision is a jurisdictional prerequisite to reaching the merits of a petition. In particular, the court relied on *Commonwealth v. Robinson*,[13] a 2003 decision that reaffirmed the jurisdictional nature of the PCRA limitations period by holding that a second PCRA petition was not an "extension" of an earlier petition that had been dismissed.[14]

---

**8.** *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998).

**9.** R & R at 4.

**10.** March 5, 2005 is the date Pearson signed his habeas petition, which the R & R treated as the effective date of filing.

**11.** *See Pace v. DiGuglielmo,* —— U.S. ——, ——, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *see also Fahy v. Horn,* 240 F.3d 239, 243–44 (3d Cir.), *cert denied, Horn v. Fahy,* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001).

**12.** *Fahy,* 240 F.3d at 243–44 (internal citation omitted).

**13.** 575 Pa. 500, 837 A.2d 1157, 1163 (2003) (overruling *Commonwealth v. Leasa,* 759 A.2d 941 (Pa.Super.2001) and *Commonwealth v. Peterson,* 756 A.2d 687 (Pa.Super.2000)).

**14.** Pearson also argues that, to the extent his federal petition is untimely, his failure to comply with AEDPA should be excused under the "cause and prejudice" doctrine. His argument is unpersuasive. First, the "cause and prejudice" doctrine applies only to excuse procedural default, not untimeliness.

Pearson argues that this Court should not defer to the Superior Court's ruling because its application of *Robinson* was impermissibly retroactive. Specifically, he contends that *Robinson* announced a novel procedural rule that "was not firmly established, readily ascertainable, and regularly followed at the time of [his] purported default." [15] Pearson's argument is without merit. Pearson's second PCRA petition was dismissed based on the statutorily-enacted procedural rule embodied in the PCRA limitations provision, not a novel procedural rule crafted by the Pennsylvania Supreme Court. *Robinson* merely reaffirmed the jurisdictional nature of that firmly established, readily ascertainable, and regularly followed rule.

Therefore, *Robinson* was properly applied, and this Court must defer to the Superior Court's ruling that Pearson's second PCRA petition was not properly filed. Accordingly, since the second PCRA petition was not properly filed, it cannot statutorily toll the AEDPA statute of limitations.

### B. Equitable Tolling

■ The second issue is whether Pearson is entitled to equitable tolling. Pearson argues that the AEDPA statute of limitations should be equitably tolled through March 5, 2005 because the Superior Court retroactively applied *Robinson*. A court may equitably toll a petition only where (1) the petitioner has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way.[16]

Pearson has not established either factor in support of equitable tolling. First, Pearson did not diligently pursue his rights because he could have appealed the dismissal of his first PCRA petition. Second, no extraordinary circumstance prevented Pearson from seeking PCRA relief. Although the PCRA limitations period barred his second PCRA petition, he could have timely sought to cure the defect in his first PCRA petition or appealed the dismissal of the first petition. The Pennsylvania Supreme Court's decision in *Robinson* did not erect any new or extraordinary barrier to relief.

### III. CONCLUSION

Having established that Pearson cannot receive the benefit of statutory and equitable tolling during the pendency of his second PCRA petition, the Court agrees with the R & R that Pearson's federal habeas petition is untimely. Therefore, the Court approves and adopts the R & R dismissing Pearson's habeas petition. An appropriate Order follows.

### *ORDER*

**AND NOW**, this 22nd day of November 2005, upon careful consideration of Antonio Pearson's Petition for Writ of Habeas Corpus [Doc. # 1], the Report and Recommendation of Magistrate Judge Timothy R. Rice [Doc. # 19], and Petitioner's Objections thereto [Doc. # 24], and consistent with the attached memorandum opinion, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice; and

3. There is no probable cause to issue a certificate of appealability.

It is further **ORDERED** that Petitioner's Motion for Default Against Respon-

Second, even if the doctrine did apply, Pearson has not established cause.

**15.** *Szuchon v. Lehman,* 273 F.3d 299, 327 (3d Cir.2001).

**16.** *See Pace,* 125 S.Ct. at 1814.

dents for Failing to File Memorandum of Law in Time Allowed by Order [Doc. # 22] and Petitioner's Objection to Grant of Motion for Nunc Pro Tunc Enlargement of Time by Respondents [Doc. # 23] are **DENIED**.

The Clerk of Court shall mark this case **CLOSED** for statistical purposes.