J-S11019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY LEAFORD CODNER | |
| Appellant | No. 1350 MDA 2014 |

Appeal from the Order July 28, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002308-2010

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 08, 2015**

Gary Leaford Codner appeals *pro se* from the order entered July 28, 2014, in the Berks County Court of Common Pleas, denying his request to appeal *nunc pro tunc* from the dismissal of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Codner seeks relief from the judgment of sentence of three to five years' imprisonment imposed on June 29, 2011, following his jury conviction of possession with intent to deliver ("PWID") marijuana and possession of marijuana.[1]  On appeal, Codner argues (1) the trial court did not have subject matter jurisdiction over his offenses, and (2) the PCRA court erred in dismissing his amended petition.  For the reasons that follow, we affirm.

_____

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16).

The relevant facts underlying Codner's convictions are summarized in the decision of this Court affirming his sentence on direct appeal, and we need not recite them herein. *See Commonwealth v. Codner*, 47 A.3d 1248 [1344 MDA 2011] (Pa. Super. 2012) (unpublished memorandum at 2-5). The complex procedural history of this case is as follows. Prior to trial, Codner filed a motion to suppress the narcotics evidence recovered during the incident. The trial court denied the suppression motion following a hearing. Thereafter, on June 16, 2011, a jury convicted Codner of PWID and possession of marijuana. On June 29, 2011, the trial court sentenced him to a term of three to five years' incarceration for the charge of PWID,[2] and found the possession charge merged for sentencing purposes. Codner filed a direct appeal contending the testimony of two Commonwealth witnesses

_____

[2] The court imposed a mandatory minimum three-year sentence pursuant to 18 Pa.C.S. § 7508, because Codner possessed, with the intent to distribute, 25 pounds of marijuana. *See* 18 Pa.C.S. § 7508(a)(1)(ii) (mandatory three year sentence when the amount of marijuana involved is at least 10 pounds but less than 50 pounds).

We recognize that Section 7508 has been found to be constitutionally invalid under *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*); *Commonwealth v. Vargas*, ___ A.3d ___, 2014 PA Super. 289 (filed December 31, 2014) (*en banc*) (applying *Newman* to Section 7508). However, to date, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

warranted a mistrial. This Court affirmed the judgment of sentence on March 19, 2012. *See Codner*, *supra*.

On May 17, 2012, Codner filed a timely, *pro se* PCRA petition, and on May 21, 2012, J. Allen Daringer, Esq., was appointed as PCRA counsel. However, on January 3, 2013, Codner filed a motion requesting to proceed *pro se*. Thereafter, on March 14, 2013, the PCRA court conducted a "counsel status hearing" *via* videoconference.[3] After the hearing, on March 26, 2013, the PCRA court entered the following order:

> **AND NOW**, this 26[th] Day of March, 2013, after hearing held by video conference, [Codner's] request to proceed *pro se* in pursuing relief under the Post-Conviciton Relief Act (PCRA) is hereby **GRANTED**. Attorney J. Allen Daringer's appearance is withdraw (sic) as appointed counsel in this matter.
>
> Further, [Codner] is **ORDERED** to file an Amended Petition that properly sets forth all relevant claims for relief under the PCRA, 42 Pa.C.S.A. § 9541 *et. seq.*, no later than **April 30, 2013**.

Order, 3/26/2013. Thereafter, Codner filed an amended *pro se* PCRA petition on April 3, 2013.[4]

---

[3] Upon our request, the PCRA court informed us that there exists no transcript from the videoconference. The court did not explain whether the court reporter's notes have simply not been transcribed, or whether there was no court reporter present.

[4] Although Codner designated the document a "Writ of Error *Coram Nobis*," the PCRA court properly considered the filing to be an amended PCRA petition. **See** Writ of Error *Coram Nobis*, 4/3/2013. The writ of *coram nobis* "provides a way to collaterally attack a criminal conviction for a person ... who is no longer 'in custody' and therefore cannot seek *habeas* relief...." ***Commonwealth v. Descardes***, 101 A.3d 105, 109 (2014) (*en banc*),
*(Footnote Continued Next Page)*

On March 5, 2014, the PCRA court provided Codner with notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without conducting an evidentiary hearing. Codner filed a timely response to the court's Rule 907 notice, and, on March 24, 2014, the PCRA court entered an order dismissing Codner's petition.

Thereafter, on April 7, 2014, Codner filed a "Request for Transcripts" and a "Certification of Service." The record does not include a notice of appeal from the PCRA court's March 24, 2014, order, nor does the lower court docket reflect that Codner filed a notice of appeal. On July 3, 2014, Codner filed in this Court an application for relief, asserting that his notice of appeal, purportedly filed in the lower court on April 7, 2014, was not docketed, and requesting that the appeal be docketed so he could proceed. In response, this Court directed the PCRA court, within 10 days of the order, to "forward [Codner's] notice of appeal to the Prothonotary of this Court or notify this Court that the notice of appeal was not filed as [Codner] claims." Order, 7/2/2014 (62 MDM 2014). On July 15, 2014, the PCRA court entered an order stating that it had reviewed all "docket filings" and found "no record

_(Footnote Continued)_ ——————————

quoting **Chaidez v. United States**, 133 S.Ct. 1103, 1106 n.1 (U.S. 2013). Here, Codner lists his address on his _pro se_ brief as the York County Prison. Accordingly, his only avenue for relief is through the PCRA. **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) ("[T]he PCRA is the exclusive vehicle for obtaining post-conviction collateral relief.").

of the alleged filing of a Notice of Appeal in this matter." Order, 7/15/2014.

Accordingly, this Court entered an order on July 18, 2014, denying Codner's

application for relief "to the extent that he has no notice of appeal docketed

in this Court," but permitting him to seek "appropriate relief with the Berks

County Court of Common Pleas." Order, 7/18/2014.

Thereafter, on July 23, 2014, Codner filed a "Notice of Appeal *Nunc Pro*

*Tunc*" in the PCRA court. The PCRA court considered Codner's filing a

request to appeal *nunc pro tunc*, and in response, entered an order on July

28, 2014, stating (1) Codner's PCRA petition was dismissed on March 24,

2014, (2) Codner failed to file a notice of appeal within 30 days of that

order, and (3) Codner's present request for an appeal is untimely. **See**

Order, 7/28/2014. Codner's July 23, 2014, notice of appeal *nunc pro tunc*

was docketed in this Court at 1247 MDA 2014.

Thereafter, on August 8, 2014, Codner filed a notice of appeal from

the PCRA court's July 28, 2014, order. That appeal was docketed in this

Court at 1350 MDA 2014.[5]

On August 19, 2014, at Docket No. 1247 EDA 2014, this Court issued

Codner a Rule to Show Cause why his appeal filed on July 23, 2014, should

not be quashed as untimely. Codner filed a timely response arguing this

---

[5] On August 18, 2014, the PCRA court directed Codner to file a concise statement or errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Codner complied with the court's directive, and filed a concise statement on August 27, 2014.

Court should take judicial notice of the fact that he had filed a timely notice of appeal on April 7, 2014. This Court then discharged the Show Cause Order, referred the matter to the panel for disposition, and directed the appeal be listed consecutively with Codner's appeal at Docket No. 1350 MDA 2014. Subsequently, on December 4, 2014, the appeal at Docket No. 1247 MDA 2014, was dismissed when Codner failed to file a brief. Therefore, the only appeal before us is the appeal, docketed at No. 1350 MDA 2014, from the PCRA court's order denying Codner's request to appeal *nunc pro tunc*.

Before we may address Codner's substantive claims on appeal, we must determine whether the appeal is properly before us. Upon review of the record, the parties' briefs, and the relevant statutory and caselaw, we conclude Codner had no authority to seek *nunc pro tunc* relief from the PCRA court outside the construct of the PCRA. Accordingly, the PCRA court should have considered Codner's request a second PCRA petition, and dismissed it as untimely filed.

This Court's decision in **Commonwealth v. Fairiror**, 809 A.2d 396, (Pa. Super. 2002), *appeal denied*, 827 A.2d 429 (Pa. 2003), is instructive. In **Fairiror**, the appellant filed a timely *pro se* PCRA petition. Counsel was appointed, but later withdrew when the appellant retained private counsel. Private counsel was granted two extensions of time to file an amended petition, but failed to do so. Subsequently, the PCRA court issued an order, dismissing appellant's petition. No appeal was filed within 30 days. Rather,

- 6 -

six months later, private counsel filed an amended PCRA petition, and six months after that, counsel filed a petition in the PCRA court for reinstatement of the appellant's PCRA rights *nunc pro tunc*. The PCRA court granted the petition. ***Id.*** at 396-397.

However, a panel of this Court concluded that PCRA court had no jurisdiction to consider the appellant's request for *nunc pro tunc* relief. Rather, the panel held:

> Appellant's … petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second (and untimely) PCRA petition. In ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564, 572 (1999), our Supreme Court held that a petitioner has no right to a *nunc pro tunc* appeal outside the PCRA to restore direct appeal rights lost due to ineffectiveness of counsel. More recently, our Supreme Court held that the PCRA provides the sole means for restoration of direct appeal rights. ***Commonwealth v. Hall***, 565 Pa. 92, 771 A.2d 1232, 1235 (2001) ("by its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief").
>
> Although ***Hall*** and ***Lantzy*** dealt with the restoration of direct appeal rights, these cases teach that **all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA**. We recognize that this Court, on several occasions, has held to the contrary. In ***Commonwealth v. Ross***, 763 A.2d 853, 856-857 (Pa.Super.2000), this Court reasoned that reinstatement of PCRA appellate rights *nunc pro tunc* was a viable remedy outside the strictures of the PCRA for petitions pre-dating our Supreme Court's decision in ***Lantzy***. ***Id.***, citing, ***Commonwealth v. Garcia***, 749 A.2d 928, 931 (Pa.Super.2000) (*en banc*), and ***Commonwealth v. Hitchcock***, 749 A.2d 935 (Pa.Super.2000) (*en banc*). ***Ross*** is distinguishable because Appellant's *nunc pro tunc* petition in the instant case post-dated ***Lantzy***. Moreover, in ***Commonwealth v. Rivera***, 802 A.2d 629, 2002 PA Super 193, ¶¶ 14-15, this

> Court held that *Hall* effectively overruled *Garcia* and *Hitchcock* by applying *Lantzy* retroactively.

*Id.* at 397-398.

Accordingly, because the *Fairiror* Court determined (1) the second PCRA petition (styled as a petition for *nunc pro tunc* relief) was untimely filed, and (2) the appellant failed to plead or prove one of the time-for-filing exceptions, the PCRA court had no jurisdiction to grant reinstatement of the appellant's PCRA appellate rights. Therefore, this Court affirmed the order denying PCRA relief.

The case at issue presents a similar factual scenario. When the PCRA court determined Codner had not filed a timely notice of appeal from the March 28, 2014, order dismissing his PCRA petition, Codner's only avenue for relief was to file a second PCRA petition, seeking reinstatement of his PCRA appellate rights. Accordingly, the PCRA court should have considered Codner's July 23, 2014, notice of appeal *nunc pro tunc* as a petition for PCRA relief.

However, even if the court had properly considered Codner's filing to be a PCRA petition, Codner would, nevertheless, be entitled to no relief, since the petition was untimely filed.

The PCRA mandates that any petition for relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the

petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

**Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted).

Codner's judgment of sentence became final on April 18, 2012, thirty days after this Court affirmed the judgment of sentence on direct appeal, and Codner failed to petition the Pennsylvania Supreme Court for allowance of appeal. **See** 42 Pa.C.S. § 9545(b)(3). Accordingly, Codner had until April 18, 2013, to file a timely PCRA petition. The present petition, filed 15 months later on July 23, 2014, was patently untimely. Moreover, Codner failed to plead or prove one of the time-for-filing exceptions set forth in Section 9545(b)(1). Accordingly, we conclude the PCRA court properly denied Codner relief.[6] **See Commonwealth v. Reed**, 107 A.3d 137, 144 (Pa. Super. 2014) ("[W]e may affirm the PCRA court's order on any basis.").

_____

[6] We would be remiss if we did not comment on Codner's *pro se* status. While the record reflects Codner filed a motion to proceed *pro se* on January 3, 2013, and the trial court, following a "counsel status hearing," granted Codner's request on March 26, 2013, there is no indication, in either the court's order or the record, that the PCRA court conducted a full waiver-of-counsel hearing in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). **See Commonwealth v. Stossel**, 17 A.3d 1286 (Pa. Super. 2011) (holding appellate court is required to consider, *sua sponte*, whether indigent first-time PCRA petitioner failed to properly waive his right to counsel). Moreover, as noted in footnote 3, there is no transcript from the March 14, 2013, "counsel status hearing" so we are unable to determine whether the hearing complied with the dictates of **Grazier**. Nevertheless, because of the procedural posture of this appeal, we have no jurisdiction to
*(Footnote Continued Next Page)*

Order affirmed. All outstanding *pro se* applications for relief are hereby DENIED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2015

*(Footnote Continued)* ———————————

take any action to determine whether Codner voluntarily waived his right to PCRA counsel.