J-S44012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE FISHER, | |
| Appellant | No. 2520 EDA 2016 |

Appeal from the PCRA Order Entered July 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0906001-2005

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED AUGUST 25, 2017**

Appellant, Terrence Fisher, appeals *pro se* from the post-conviction court's July 11, 2016 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's case are unnecessary to our disposition of his appeal.  The PCRA court summarized the procedural history of this case, as follows:

> Appellant was on supervision following a bench trial before the Honorable Earl W. Trent.  Appellant was convicted on the charges of simple assault and terroristic threats and [was] sentenced to six to twenty[-]three months['  incarceration] followed by three years of reporting probation.  Appellant filed his notice of appeal to the Superior Court on May 25, 2005.  Appellant's sentence was affirmed on June 10, 2008. [***Commonwealth v. Fisher***, 959 A.2d 459 (Pa. Super. 2008) (unpublished memorandum).]  On March 4[,] 2009, Judge Trent revoked probation and deferred sentencing for presentence

reports. On November 10, 2009, Judge Trent resentenced Appellant to five years of reporting probation. Appellant filed a reconsideration petition, which was denied without a hearing. No direct appeal was filed. Appellant filed a petition under the [PCRA] to reinstate his appellate rights *nunc pro tunc*, which was granted on February 4, 2010. Appellant's second judgment of sentence was affirmed on June 6, 2011. [***Commonwealth v. Fisher***, 31 A.3d 735 (Pa. Super. 2011) (unpublished memorandum).] On September 17, 2012, Judge Trent revoked probation and resentenced Appellant to eighteen to thirty-six months of incarceration, followed by two years of reporting probation. Appellant's motion for reconsideration was denied and Appellant filed [a] notice of appeal on November 20, 2012. Our Superior Court quashed the appeal as untimely on May 7, 2013. [***Commonwealth v. Fisher***, No. 3281 EDA 2012, *per curiam* order (Pa. Super. filed May 7, 2013).]

Appellant filed his second petition under the [PCRA] on December 23, 2013[, and counsel was appointed]. In the interim, jurisdiction over Appellant's supervision was transferred to this court when Judge Trent attained Senior Judge status. On May 5, 2016, Appellant was found in direct violation due to a new conviction for driving under the influence, and probation was revoked. Appellant was resentenced to a period of two years of reporting probation.

On May 17, 2016, appointed [PCRA] counsel filed with this court a letter pursuant to [***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and] ***Commonwealth v. Finley***, [550 A.2d 213 (Pa. Super. 1988) (*en banc*),] and a motion to withdraw as counsel. On May 31, 2016, this court mailed a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On July 11, 2016, this court dismissed Appellant's petition pursuant to the ***Finley*** letter and granted counsel's motion to withdraw. Appellant filed [a] Notice of Appeal on July 28, 2016. On August 24, 2016, this court ordered Appellant to file a concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P 1925(b). On September 20, 2016, Appellant filed his 1925(b) Statement of Errors Complained of on Appeal

- 2 -

(hereinafter Statement) and avers the following (spelling errors have been corrected for readability):[1]

…

This is an appeal of a judgment handed down on July 11, 2012. A concise statement of errors that I complained of in original filing.

Ineffective Assistance of Counsel:

After a guilty finding in VOP hearing 9-17-12 I informed the court and defenders association that I wanted to appeal. Public defender Nina Carter said she would comply. Having been sent upstate (Housed at Graterford) and my prior experiences with Defenders Asso. I decided to file on my own. Fully expecting my appeal to be denied because of being represented by Defenders. However my appeal was granted. Public Defenders never filed appeal.

Improper Obstruction by Govt Official:

By "Not" filing a timely appeal when asked to, Defenders Asso. In effect obstructed my chances at a full and fair decision in the appellate process. Had I had not filed on my own, my right to challenge would have been lost. I would have been forced to live with what I felt was a wrong decision.

Imposing of a sentence greater than the maximum:

As the defendant, I never accused the court of imposing a sentence greater than the maximum. My argument was that the Defenders Asso. Never argued for something inbetween my original sentence of 6-23 & 3 years probation and my 2012 18-36 & 2 years probation. Defenders Asso. Never argued basic law such as: This was an at the time a 7 year old case, or that defendant was a Non-violent offender, in addition to the fact that the defendant was a NON Felon. The never argued 11 1/2 to

---

[1] We have reproduced the trial court's quotation of Appellant's Rule 1925(b) statement verbatim.

> 23 was more in line with the violation Defenders did not have my best interests at heart!
>
> Disregarding of a vacated sentence order:
>
> Exculpatory Evidence unavailable at time of trial:
>
> My July 8 2012 guilty plea in Montco (CP-46-CR-3869-12) was vacated byJudge Braxton on Dec 27, 2012. Upon my return to Graterford on Dec 28, 2012 I informed any and everyone in authority of the vacated sentence order. Nothing was done. I than contacted the court by mail in writing and made the court aware of the sentence being vacated, still nothing was done to remedy the situation. The vacated sentence order should have been remanded back for resentencing at the least.

PCRA Court Opinion, 12/21/16, at 1-3 (footnotes omitted) (quoting Appellant's Pa.R.A.P. 1925(b) statement, 9/20/16, at 1-2 (unnumbered)).

Now, on appeal, we begin by recognizing that Appellant's *pro se* brief does not comport with the Pennsylvania Rules of Appellate Procedure. Namely, Appellant does not include in his brief any of the sections required by Rules 2114 through 2118 (Statement of Jurisdiction, Order or Other Determination in Question, Statement of Questions Involved, Statement of the Case, Summary of Argument). Moreover, in the four pages of handwritten argument constituting the entirety of his appellate brief, he has not delineated any issues as required by Rule 2119. Appellant's failure to comply with this Court's briefing rules hinders our meaningful review of his claims. However, because we can ascertain - from our review of his brief and the record as a whole - what issues he is asserting, we will not quash his appeal on this basis.

Nevertheless, we cannot ignore that all of Appellant's issues are waived, with the exception of his non-waivable challenge to the legality of his sentence, because his *pro se* Rule 1925(b) statement was filed 6 days late. The PCRA court's order directing Appellant to file a Rule 1925(b) statement was issued on Wednesday, August 24, 2016. That order explicitly stated that Appellant had 21 days within which to file his concise statement, making it due on Wednesday, September 14, 2016. The order also notified him that the "[f]ailure to comply with any portion of this Order may be considered by the Appellate Court as a waiver of all objections to any order, ruling, or other matters complained of on appeal." Rule 1925(b) Order, 8/24/16, at 1. Nevertheless, Appellant's Rule 1925(b) statement was not filed until Tuesday, September 20, 2016. Appellant did not provide any documentation to demonstrate when he mailed that statement, so as to prove that it was timely under the "prisoner mailbox rule." **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing."); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (stating that the appellate courts are "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [document] with the prison authorities[,]" including a "cash slip" from prison authorities, an "affidavit attesting the date of deposit" or "evidence of internal operating procedures" regarding the mail delivery in the prison and by the local mail carrier).

Consequently, we must deem all of Appellant's issues - except for his non-waivable challenge to the legality of his sentence - waived for our review. ***See Commonwealth v. Boniella***, 158 A.3d 162, 164 (Pa. Super. 2017) (finding that a *pro se* appellant, who "cannot be ineffective on his or her own behalf[,]" waives his or her issues by filing an untimely Rule 1925(b) statement, even if the court addresses the issues in its opinion).

In any event, even if Appellant had filed a timely Rule 1925(b) statement, none of his claims would entitle him to relief. This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on October 17, 2012, at the expiration of the thirty-day time-period for seeking review with this Court; therefore, Appellant had until October 17, 2013 to file a timely PCRA petition. *See Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008) ("[I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA."). Appellant did not file his petition until December 23, 2013. Accordingly, for this Court to have jurisdiction to

review the merits of his claims, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant has failed to meet this burden. First, in his PCRA petition, Appellant argued that his November 10, 2009 sentence was illegal. Appellant has seemingly abandoned this claim on appeal, and even in his petition, he made no attempt to plead or prove that this argument meets a timeliness exception. Therefore, we have no jurisdiction to review his legality of sentencing issue. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

Appellant also argues that his direct appeal counsel was ineffective for not filing a timely notice of appeal from his September 17, 2012 judgment of sentence. Claims of ineffectiveness do not, in and of themselves, satisfy a timeliness requirement of the PCRA. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted). Moreover, while Appellant avers that his ineffectiveness claim satisfies the 'governmental interference' exception to the PCRA's one-year time-bar, section 9545(b)(4) explicitly states that, "[f]or purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4); *see also Commonwealth v. Yarris*, 731 A.2d

581, 587 (Pa. 1999) (holding that based on the explicit language of section 9545(b)(4), the timeliness exception of "[s]ection 9545(b)(1)(i) does not operate to save [an a]ppellant's claims of ineffective assistance of counsel from the bar of untimeliness."). Thus, we would conclude that Appellant's ineffectiveness claim does not meet any of the above-stated timeliness exceptions.

Next, Appellant avers that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on an order purportedly entered on December 27, 2012, by The Honorable John L. Braxton of the Court of Common Pleas of Montgomery County. In that order, Judge Braxton vacates a judgment of sentence imposed upon Appellant in Montgomery County on July 9, 2012. Appellant does not explain how this decision by Judge Braxton in a seemingly unrelated, Montgomery County case would warrant any relief in his instant Philadelphia County case. He also does not discuss why he waited until December 23, 2013 to assert this claim in his PCRA petition, when the order underlying it was issued nearly a year earlier. Thus, Appellant is unable to demonstrate that he satisfied the 60-day requirement of section 9545(b)(2).

Additionally, to the extent that Appellant suggests, for the first time on appeal, that his PCRA counsel acted ineffectively in representing him during the litigation of the instant petition, we would be constrained to conclude that he did not preserve this argument before the PCRA court. Namely, Appellant did not file any response to counsel's *Turner/Finley* no-merit

letter, or to the PCRA court's Rule 907 notice. Thus, he cannot raise a claim of PCRA counsel's ineffectiveness for the first time on appeal. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1197-1201 (Pa. Super. 2012) (relying on, *inter alia*, ***Commonwealth v. Pitts***, 981 A.2d 875, 879 n.3 (Pa. 2009), to hold that a claim of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal").

Finally, we must deem meritless Appellant's contention that his current petition was simply an 'extension' of his previously-filed, timely PCRA petition that was filed in January of 2010 (in which Appellant sought, and was granted, the restoration of his direct appeal rights from his November 10, 2009 judgment of sentence). Our Supreme Court has explicitly rejected the 'extension theory,' by which an untimely, serial petition is treated as if it is merely an 'extension' of a timely, but previously decided, first petition. ***See Commonwealth v. Robinson***, 837 A.2d 1157, 1163 (Pa. 2003) (expressly disapproving of the 'extension theory' created by this Court in ***Commonwealth v. Leasa***, 759 A.2d 941 (Pa. Super. 2000), and ***Commonwealth v. Peterson***, 756 A.2d 687 (Pa. Super. 2000)). Accordingly, Appellant cannot rely on the 'extension theory' to obtain relief in the untimely-filed petition before us now.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017