611 A.2d 761

**COMMONWEALTH of Pennsylvania**

**v.**

**Anthony PENDOLA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1992.

Filed July 28, 1992.

Kalvin Kahn, Philadelphia, for appellant.

Kathy Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, BECK and MONTGOMERY, JJ.

BECK, Judge.

Appellant Anthony Pendola was convicted of one count of aggravated assault and two counts of simple assault arising out of an altercation with police in which a police officer and bystander were injured. Appellant appeals from his judgment of sentence, claiming ineffective assistance of counsel. We disagree, and affirm the judgment of sentence.

We adopt the trial court's summary of the facts, as follows:

> The charges stem from an incident that occurred in the early morning of August 5, 1990 at approximately 2:00 o'clock inside the emergency room of the Presbyterian Hospital, located at 37th and Market Streets. The defendant and one Sweeney were observed in the Presbyterian Hospital parking lot looking into cars; defendant had a brick in his hands. When they refused to leave, the security personnel managed to handcuff Sweeney. They were taking Mr. Sweeney to the emergency room to get the police when defendant charged them. In the emergency room in the ensuing struggle between defendant and the hospital security guards, the defendant threw a metal/plastic chair at the security guard, striking Ms. Jennifer Goonrey on the head causing severe cuts over and under the left eye which required ten stitches to mend.

Trial Ct. Opinion, pp. 1–2. Defendant Pendola was found guilty of simple assault and aggravated assault in connection with the attack on Ms. Goonrey. For purposes of sentencing, the trial court merged the simple assault with the aggravated assault, and sentenced Pendola to seven to fifteen years on the aggravated assault charge.[1]

---

1. Defendant was also sentenced to one to two years on his conviction of simple assault of the police officer, which term runs consecutive to

█ Pendola appeals from the judgment of sentence, raising the following single issue:

> Where defendant was sentenced to seven to fifteen years for aggravated assault, and the Crimes Code provided five to ten years for attempt murder, was defense counsel ineffective in not moving for reconsideration of sentence on the grounds of disproportionate sentences?

Appellant's Brief, p. 3. We find that Pendola's counsel was not ineffective for failing to raise this issue. We therefore affirm the judgment of sentence.

█ The standard by which this court evaluates claims of ineffective assistance of counsel is well-settled:

> The effectiveness of trial counsel is presumed and appellant bears the burden of rebutting that presumption. *Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1988); *Commonwealth v. Jones*, 298 Pa.Super. 199, 444 A.2d 729 (1982). In order to overcome the presumption appellant must show that the issue underlying the claim of ineffectiveness had arguable merit; that the course of conduct chosen by counsel had no reasonable basis in effectuating the client's interest; and that counsel's action or inaction operated to prejudice him.

*Commonwealth v. Wax*, 391 Pa.Super. 314, 571 A.2d 386 (1990). Appellant cannot prevail on a claim of ineffectiveness of counsel unless this court concludes that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Commonwealth v. Pierce*, 515 Pa. 153, 161–62, 527 A.2d 973, 976–77 (1987).

Appellant claims that his counsel was ineffective for failing to raise the argument that his sentence of seven to fifteen years for aggravated assault violated the prohibition against disproportionate sentencing found in both the United States Constitution, Eighth Amendment ("excessive bail shall not be required, nor excessive fines imposed, nor cruel

his sentence of seven to fifteen years for the aggravated assault of Ms. Goonrey. Defendant has raised no allegation of error with regard to this sentence.

and unusual punishments inflicted") and Article I, Section 13 of the Pennsylvania Constitution ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."). The sentence is out of proportion to the crime, appellant argues, because aggravated assault, with a seven to fifteen year sentence, carries a heavier penalty than attempted murder (five to ten years), and yet is a lesser-included offense of attempted murder. Appellant argues in the alternative, that even if aggravated assault is not technically a lesser-included offense of attempted murder, it is a less serious crime, and the higher penalty is therefore unconstitutionally disproportionate.

■ As to appellant's first argument, we note that this court has recently held that aggravated assault is not a lesser-included offense of attempted murder. *Commonwealth v. Anderson*, 416 Pa.Super. 203, 610 A.2d 1042 (1992). Moreover, a lesser-included offense analysis is appropriate only where appellant was, in fact, charged and convicted with the second crime into which he claims the first should have been merged. See *Commonwealth v. Spells*, — Pa.Super. ——, 612 A.2d 458, 460–61 (1992). Appellant here was convicted of only aggravated assault; he was not convicted of attempted murder as well. His lesser-included offense argument is therefore meritless.

As to appellant's argument that his sentence is disproportionate because aggravated assault is a "less serious" crime than attempted murder, we find that the difference in penalties between attempted murder and the arguably less serious crime of aggravated assault does not render appellant's sentence vulnerable to attack. We therefore find that his counsel was not ineffective for failing to challenge it.

Appellant cites in support of his argument the United States Supreme Court's decision in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in which the Court identified the three following factors as guidelines in determining whether a sentence was unconstitutionally disportionate: "(i) the gravity of the offense and the harshness

of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm, supra,* 463 U.S. at 292, 103 S.Ct. at 3010. Appellant's argument, comparing the sentences in Pennsylvania for aggravated assault and attempted murder, leans heavily on the second factor of the test.

■■■ Appellant's reliance on *Solem* is misplaced. In a case decided in June of 1991, *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the United States Supreme Court clarified its holding in *Solem* and set forth the governing legal standard to be used in evaluating a claim that a sentence is unconstitutionally disproportionate.[2] In a joint opinion of the court, Justice Kennedy reviewed previous Supreme Court decisions and the various principles supporting a broad view of what differences in sentencing are lawful, and came to the following conclusion:

> All of these principles—the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors—inform the final one: the Eighth Amendment does not require strict proportionality between crime and sentence. *Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime.* Solem, supra, at 288, 303[, 103 S.Ct. at 3008, 3016.]

*Harmelin,* —— U.S. at ——, 111 S.Ct. at 2705 (emphasis added). Justice Kennedy went on to say that only where an inference of gross disproportionality existed should a court go on to evaluate how the sentence imposed compares with the sentence attached to other crimes in the same jurisdiction, or how other jurisdictions treated the same crimes:

---

**2.** We apply federal constitutional jurisprudence to resolve appellant's claim under the Pennsylvania Constitution as well; Article I, Section 13 of the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the U.S. Constitution, *see Commonwealth v. Spells,* —— Pa.Super. ——, 612 A.2d 458, 461 (1992).

*Solem* is best understood as holding that comparative analysis within and between jurisdictions is not always relevant to proportionality review. The Court stated that 'it may be helpful to compare sentences imposed on other criminals in the same jurisdiction,' and that 'courts find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions.' *Id.*, at 291–92[, 103 S.Ct. at 3010–11] ... It did not mandate such inquiries.

A better reading of our cases leads to the conclusion that intra- and inter-jurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disporportionality.

*Harmelin*, —— U.S. ——, 111 S.Ct. at 2707 (emphasis added). Defendant Harmelin was sentenced on cocaine possession to life without parole, which the court described as "the second most severe penalty permitted by law." —— U.S. ——, 111 S.Ct. at 2683. However, because of the serious nature of his crime (possession of more than 650 grams of cocaine), Justice Kennedy found no gross disproportionality, and therefore no need to engage in the three-part *Solem* analysis.

We find that appellant's behavior in picking up a chair and striking an innocent bystander, in the face, with such force that her injuries required ten stitches, is a crime sufficiently serious that imposing a sentence of seven to fifteen years for the commission of such an act does not lead to an inference of gross disproportionality. There would have been no merit to such an argument had defendant's counsel raised it in post-sentence motions. Counsel was therefore not ineffective for failing to do so.[3]

Judgment of sentence affirmed.

3. We note that a recent en banc decision of this court, *Commonwealth v. Spells, supra,* confirms the *Harmelin* approach we adopt here. In *Spells,* appellant was sentenced by the trial court to five to ten years imprisonment on a charge of aggravated assault. The trial court accepted Spells' argument that the upper limit of her sentence could not constitutionally exceed the upper limit of the sentence range for

attempted murder, since aggravated assault was a lesser-included offense of attempted murder; this part of the sentence was not challenged on appeal and was therefore not ruled on by the Superior Court. Slip op., pp. 3–5. However, the trial court rejected Spells' analagous argument that the five-year lower limit of her sentence was unconstitutional because it exceeded the lower limit of the sentence range for attempted murder, probation. The court found itself bound by the statutorily-mandated minimum five-year sentence for commission of a crime with a firearm under 42 Pa.C.S.A. sec. 9712. Spells appealed the imposition of this lower limit of her sentence, the five-year mandatory minimum, claiming it was unconstitutionally disproportionate. This court declined to engage in a lesser-included offense analysis because Spells had not in fact been convicted of the greater crime of attempted murder. The court did, however, consider her argument that the five-year minimum of her sentence was constitutionally disproportionate because it was harsher than the minimum sentence for the "less serious" crime of attempted murder. The court applied the *Harmelin* analysis set forth above, and rejected this claim.

Although the holding in *Spells*, rejecting a challenge to the lower limits of a sentence on disproportionality grounds, clearly supports the conclusion we reach in this case with regard to both upper and lower limits, we note that we do not rely on *Spells* in evaluating the effectiveness of appellant Pendola's trial counsel, as *Spells* had not yet been decided at the time of Pendola's sentencing in August of 1991. *See Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. White*, 515 Pa. 348, 528 A.2d 596 (1987). However, *Harmelin* was issued in June of 1991 and is fully applicable to Pendola's appeal here.