657 A.2d 1005

**COMMONWEALTH of Pennsylvania**

v.

**Michael BUCKNOR, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 1995.

Decided March 23, 1995.

Reargument Denied May 22, 1995.

442

Bradley S. Bridge, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com.

Before WIEAND, BECK and BROSKY, JJ.

PER CURIAM:

Michael Bucknor was tried non-jury and was found guilty of aggravated assault, possession of an instrument of crime and violation of the Uniform Firearms Act. He was sentenced on his conviction for aggravated assault to serve a term of imprisonment for not less than seven (7) years nor more than twenty (20) years. Concurrent terms of imprisonment were imposed on the convictions for possessing an instrument of crime and violating the Uniform Firearms Act. Following the denial of a motion to modify sentence, Bucknor filed this appeal in which he asserts that it is improper for the crime of aggravated assault to be graded more severely and, thus, carry a greater penalty, than the crime of attempted murder, inasmuch as aggravated assault is a lesser included offense of attempted murder. Bucknor argues, therefore, that the imposition of a sentence for aggravated assault, which is greater than that permitted by law for the crime of attempted murder, is unconstitutionally disproportionate and irrational and violates the due process, equal protection and the cruel and unusual punishment clauses of the United States and Pennsylvania Constitutions.

In *Commonwealth v. Anderson,* 416 Pa.Super. 203, 610 A.2d 1042 (1992), the Superior Court, sitting en banc, held that aggravated assault was not a lesser included offense of attempted murder and that, therefore, it did not merge with attempted murder for purposes of sentencing, even where convictions for both crimes were based upon a single criminal act. The Supreme Court, however, granted allocatur and, on October 26, 1994, reversed the decision of the Superior Court. The Supreme Court held that aggravated assault was a lesser included offense of attempted murder and that, when a defendant had been convicted of both aggravated assault and attempted murder, those offenses merged for purposes of sen-

tencing. See: *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994).

The instant appeal is readily distinguishable from *Anderson.* In this case, appellant was charged only with aggravated assault; and, therefore, there was no issue as to whether the conviction for aggravated assault had merged with attempted murder for purposes of sentencing. The precise issues presented herein by appellant were addressed by the Superior Court in *Commonwealth v. Spells,* 417 Pa.Super. 233, 612 A.2d 458 (1992) (en banc), *appeal dismissed,* 537 Pa. 350, 643 A.2d 1078 (1994). In *Spells,* the same en banc panel of the Superior Court which had decided the *Anderson* case observed that, regardless of whether aggravated assault was a lesser included offense of attempted murder, where attempted murder was not charged, the sentence imposed for aggravated assault stood alone "because no offense within which it could be included or into which it may merge exists." *Commonwealth v. Spells, supra,* 417 Pa.Super. at 238, 612 A.2d at 461. As such, the constitutionality of a sentence imposed for aggravated assault was examined without reference to a lesser included offense analysis. *Id.* So viewed, the *Spells* Court held, the fact that a conviction for aggravated assault was subject to a mandatory minimum sentencing provision, while the crime of attempted murder was not subject to the same provision, did not constitute cruel and unusual punishment, nor did it violate due process or equal protection of the law. See also: *Commonwealth v. Brown,* 417 Pa.Super. 165, 172, 611 A.2d 1318, 1321 (1992), *appeal dismissed,* 537 Pa. 350, 643 A.2d 1078 (1994); *Commonwealth v. Pendola,* 416 Pa.Super. 568, 611 A.2d 761 (1992), *allocatur denied,* 535 Pa. 617, 629 A.2d 1378 (1993). Appellant acknowledges that *Spells, Brown* and *Pendola* are controlling in the instant case, but he urges that we reconsider those decisions.

Initially, we observe that the Supreme Court also granted allocatur in *Spells* and *Brown,* but, on July 1, 1994, the Court dismissed the appeals in those cases as having been improvidently granted. See: *Commonwealth v. Spells,* 537 Pa. 350, 643 A.2d 1078 (1994). The Supreme Court's subsequent deci-

sion in *Commonwealth v. Anderson, supra,* 538 Pa. 574, 650 A.2d 20, as we have already observed, was concerned only with the issue of merger of sentences, and its determination that aggravated assault was a lesser included offense of attempted murder was in no way inconsistent with the reasoning of the Superior Court in the *Spells, Brown* and *Pendola* decisions. As such, those decisions remain controlling of the outcome in this case.

Instantly, appellant's conviction for aggravated assault was based upon his shooting of a twenty-seven year old man in the head, causing the victim to lose his right eye and to become partially paralyzed on the left side. We hold that a sentence of imprisonment for not less than seven (7) years nor more than twenty (20) years for an aggravated assault, which is based upon conduct such as appellant's, is not so disproportionate to appellant's crime as to constitute cruel and unusual punishment. See: *Commonwealth v. Spells, supra,* 537 Pa. at 239–245, 612 A.2d at 461–464; *Commonwealth v. Brown, supra,* 417 Pa.Super. 165, 611 A.2d 1318; *Commonwealth v. Pendola, supra,* 416 Pa.Super. 568, 611 A.2d 761. Moreover, the fact that the Commonwealth elected to charge appellant solely with aggravated assault, and not with attempted murder, was within the discretionary charging function of the district attorney and did not violate due process. See: *Commonwealth v. Spells, supra* 537 Pa. at 246, 612 A.2d at 464–465. Appellant is not part of any protected class of persons for purposes of equal protection. "The fact that the legislature may create different penalties for similar kinds of criminal conduct, leaving application of the penalties to the prosecutor's discretion, creates no classification at all, and does not, therefore, raise an equal protection issue." *Id.* at 245, 612 A.2d at 464. Accordingly, appellant's several challenges to the constitutionality of his sentence for aggravated assault must be rejected.[1]

Even though we are satisfied that appellant's sentence is not unconstitutional, we are inclined to agree that it is illogical for the crime of aggravated assault, the lesser included of-

---

1. We decline appellant's invitation to reconsider the prior decisions of the Superior Court in *Spells, Brown* and *Pendola.* Even if we disagreed with the analysis in these cases, as a three judge panel we are bound by the rulings of a court en banc.

fense, to be graded as a felony of the first degree, while attempted murder, the greater included offense, is graded only as a felony of the second degree. In this regard, we echo the following suggestion contained in the Concurring Opinion in *Commonwealth v. Spells, supra,* 417 Pa.Super. 233, 612 A.2d 458:

> Perhaps it would be advisable for the legislature to re-evaluate the grading scheme for the offenses of aggravated assault and attempted murder, as well as the exclusion of attempted murder from the purview of the mandatory minimum sentencing provisions.

*Id.* at 247, 612 A.2d at 465 (Wieand, J., concurring; joined by Beck, J.).

Nonetheless, having found no merit in the constitutional issues advanced by appellant, the judgment of sentence is, as it must be,

AFFIRMED.