J-S21023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HASSAN WILLIAMS | |
| Appellant | No. 2029 EDA 2014 |

Appeal from the PCRA Order July 11, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010937-2007

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 27, 2015**

Hassan Williams ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are briefly stated: On June 25, 2007, Appellant and a co-defendant robbed Layee Bility ("Victim") at gunpoint outside a Chinese take-out restaurant in Philadelphia.  During the robbery, when Victim attempted to disarm Appellant's co-defendant, Appellant shot Victim three times in the back.  Appellant and his co-defendant fled before police arrived.  Despite being rushed to a hospital, Victim passed away from his wounds soon after.  The owner of the Chinese

_____

[*] Retired Senior Judge assigned to the Superior Court.

take-out restaurant identified Appellant from video surveillance as a frequent patron who lived in the neighborhood, and the police apprehended Appellant the next day.

The PCRA court summarized the relevant procedural history as follows:

On December 5, 2008, following a jury trial before the Honorable Carolyn Engel Temin, [Appellant] was found guilty of murder in the first degree, robbery, possession of an instrument of crime, and criminal conspiracy.[1]

On February 23, 2009, [Appellant] was sentenced to a term of life imprisonment on the murder conviction, a concurrent term of seven and one-half (7½) [to fourteen (14)] years of imprisonment on the robbery conviction, and a consecutive term of ten (10) to twenty (20) years of imprisonment on the criminal conspiracy conviction. No further penalty was imposed on the conviction of possession of an instrument of crime. Post-sentence motions were not filed. A timely notice of appeal was filed. On April 1, 2011, the Superior Court affirmed the judgment of sentence. A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on August 30, 2011.

On January 20, 2012, [Appellant] filed a *pro se* petition under the [PCRA]. Sondra Rodriguez, Esquire[,] was appointed to represent [Appellant]. On March 19, 2013, Teri B. Himebaugh, Esquire[,] entered her appearance on behalf of [Appellant]. Pursuant to the [PCRA], Attorney Himebaugh filed an Amended Petition alleging violations of rights protected by the Constitution of this Commonwealth and the laws and Constitution of the United States and that prior counsel was ineffective for failing to (1) file a post-sentence motion challenging the weight of the evidence; (2) request leave of the court to file an amended 1925(b) statement; (3) properly litigate a motion to suppress; (4) request a curative instruction; (5) properly "federalize" all the claims on direct appeal; and (6) object to a substitute judge charging the jury. [Appellant] also claims that the imposition of a sentence of life in prison without

---

[1] 18 Pa.C.S. §§ 2502(a), 3701(a)(1), 907(a), 903(a), respectively.

the possibility of parole for an individual under the age of 25 is unconstitutional. After conducting a review of the record, this court dismissed [Appellant's] motion on July 11, 2014.[1] [Appellant] filed a timely Notice of Appeal.

[1] The dismissal occurred more than twenty days after [Appellant] was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

PCRA Court Pa.R.A.P. 1925(a) Opinion, September 19, 2014 ("1925(a) Opinion"), pp. 1-2. The PCRA court filed its Pa.R.A.P. 1925 Opinion on September 19, 2014.[2]

Appellant raises the following claims for our review:

I. Was [t]rial/appellant counsel constitutionally ineffective under the Sixth Amendment for failing to object to a judge who was unfamiliar with the case charging the jury resulting in a confusing, misleading and inaccurate charge?

II. Was [t]rial counsel constitutionally ineffective under the Sixth Amendment for failing to ensure that the jury was given a complete curative instruction after the Commonwealth elicited testimony from Irene Walker that she didn't cooperate/speak with investigators?

III. Was Appellant denied his rights under Article 1 § 9 [of] the Constitution of the Commonwealth of Pennsylvania and the Sixth Amendment to the Constitution of the United States of America to effective assistance of counsel for failing to include all potential basis [sic] for suppression in his Motion to Suppress and for failing to allege on direct appeal that the trial court abused its' [sic] discretion in denying Appellant's Motion to Suppress?

IV. Was Appellant denied his rights under Article 1 § 9 [of] the Constitution of the Commonwealth of Pennsylvania and the Sixth Amendment to the Constitution of the United States of America

_____

[2] The PCRA court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

- 3 -

to effective assistance of counsel when trial/appellate counsel failed to timely file a post sentence motion challenge to the weight of the evidence thereby waiving this claim?

V. Was Appellate counsel constitutionally ineffective under the Sixth Amendment for failing to properly 'federalize' all the claims on direct appeal?

VI. Was Appellant denied his rights under Article 1 § 9 [of] the Constitution of the Commonwealth of Pennsylvania and the Sixth Amendment to the Constitution of the United States of America to effective assistance of counsel when trial/appellate counsel failed to make application for or receive leave of court to file an Amended Pa.R.[A].P. 1925(b) Statement thereby waiving otherwise meritorious claims?

VII. Were Appellant's rights under the Eight Amendment, Art. 5 of the Universal Declaration of Human Rights and Ar. [sic] 1 sec. 13 of the PA Constitution violated by the [c]ourt's imposition of [m]andatory [l]ife [imprisonment] without the [p]ossibility of [p]arole for Appellant who is an individual over 17 but under the age of 25?

Appellant's Brief, pp. 3-4.

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steven R. Geroff, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions

presented.  *See* 1925(a) Opinion, pp. 5-13 (finding: (1) trial counsel not ineffective for failing to object to judge other than trial judge charging jury where trial judge herself did, in fact, adequately and properly charge jury; (2) trial counsel not ineffective regarding curative instructions where trial court gave two curative instructions during Irene Walker's testimony, both explaining that Appellant's mother was under no obligation to speak with police; third curative instruction would not have affected outcome of trial; (3) trial counsel not ineffective for failing to include all potential bases for suppression in motion to suppress where, under applicable totality of the circumstances test, six hour delay between Appellant's arrest and arraignment did not violate his rights under either United States or Pennsylvania Constitutions; (4) trial counsel not ineffective for failing to file post-sentence weight of the evidence claim where Appellant failed to plead and prove prejudice resulted from counsel's failure to do so because weight of the evidence claim lacked merit where verdict was not so contrary to evidence as to shock the conscience; (5) trial counsel not ineffective for failing to "federalize" claims because federal courts' possible future rulings are not proper grounds for PCRA relief; (6) trial counsel not ineffective for failing to amend Pa.R.A.P. 1925(b) statement where, although trial court determined proposed amended Pa.R.A.P. 1925(b) statement was untimely, in its Pa.R.A.P. 1925(a) opinion trial court addressed the amended Pa.R.A.P. 1925(b) statement's three additional issues, as did Superior Court on direct appeal; and (7) trial court did not impose illegal sentence because *Miller v.*

***Alabama***[3] does not apply to defendants between the ages of 18 and 25).

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

---

[3] __ U.S. __, 132 S.Ct. 2455 (2012).

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0010937-2007 |
| | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | SUPERIOR COURT |
| HASSAN WILLIAMS | : | NO. 2029 EDA 2014 |



SEP. 1 9 2014

Criminal Appeals Unit
First Judicial District of PA

OPINION

GEROFF, J.                                          SEPTEMBER 19, 2014

Teri B. Himebaugh, Esquire, on behalf of the Petitioner, has filed an appeal of this court's order denying his petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541 *et seq.*

## I. PROCEDURAL HISTORY

On December 5, 2008, following a jury trial before the Honorable Carolyn Engel Temin, the Petitioner was found guilty of murder in the first degree, robbery, possession of an instrument of crime, and criminal conspiracy.

On February 23, 2009, Petitioner was sentenced to a term of life imprisonment on the murder conviction, a concurrent term of seven and one-half (7½) years of imprisonment on the robbery conviction, and a consecutive term of ten (10) to twenty (20) years of imprisonment on the criminal conspiracy conviction. No further penalty was imposed on the conviction of

possession of an instrument of crime. Post-sentence motions were not filed. A timely notice of appeal was filed. On April 1, 2011, the Superior Court affirmed the judgment of sentence. A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on August 30, 2011.

On January 27, 2012, Petitioner filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §9541 *et seq.* Sondra Rodriguez, Esquire was appointed to represent Petitioner. On March 19, 2013, Teri B. Himebaugh, Esquire entered her appearance on behalf of Petitioner. Pursuant to the Post Conviction Relief Act. 42 Pa. C.S. § 9541 *et seq.*, Attorney Himebaugh filed an Amended Petition alleging violations of rights protected by the Constitution of this Commonwealth and the laws and Constitution of the United States and that prior counsel was ineffective for failing to (1) file a post-sentence motion challenging the weight of the evidence; (2) request leave of the court to file an amended 1925(b) statement; (3) properly litigate a motion to suppress; (4) request a curative instruction; (5) properly "federalize" all the claims on direct appeal; and (6) object to a substitute judge charging the jury. Petitioner also claims that the imposition of a sentence of life in prison without the possibility of parole for an individual under the age of 25 is unconstitutional. After conducting a review of the record, this court dismissed Petitioner's motion on July 11, 2014.[1] Petitioner filed a timely Notice of Appeal.

## II. STANDARD OF REVIEW

In determining whether counsel rendered ineffective assistance, the court must use a three-pronged test. First, the court must ascertain whether the issue underlying the claim has

---

[1] The dismissal occurred more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

2

arguable merit. This requirement is based upon the principle that counsel will not be found ineffective for failing to pursue a frivolous claim or strategy. Second, if the petitioner's claim does have arguable merit, the court must determine whether the course chosen by counsel had some reasonable basis designed to serve the best interest of the petitioner. Finally, if a review of the record reveals that counsel was ineffective, the court must determine whether the petitioner has demonstrated that counsel's ineffectiveness worked to his prejudice. Commonwealth v. Breisch, 719 A.2d 352 (Pa. Super. 1998); Commonwealth v. Pendola, 416 Pa. Super. 568, 611 A.2d 761 (1992), *appeal denied*, 629 A.2d 1378 (Pa. 1993). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Commonwealth v. Hudson, 820 A.2d 720, 726 (Pa. Super. 2003).

In order to establish prejudice, a petitioner must show that counsel's ineffectiveness was of such magnitude that the verdict essentially would have been different absent the ineffective assistance. Commonwealth v. Howard, 538 Pa. 86, 645 A.2d 1300, 1308 (1994). *See also* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the context of a PCRA claim, petitioner must not only establish ineffective assistance of counsel, he must also plead and prove that counsel's stewardship so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S.A. §9543 (a)(2)(ii); Commonwealth v. Buehl, 540 Pa. 493, 658 A.2d 771 (1995); Commonwealth v. Rowe, 411 Pa. Super. 363, 601 A.2d 833 (1992).

Counsel is never ineffective for failing to make a frivolous objection or motion. Commonwealth v. Groff, 356 Pa. Super. 477, 514 A.2d 1382, 1386 (1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); Commonwealth v. Davis, 313 Pa. Super. 355, 459 A.2d 1267, 1271 (1983). Similarly, counsel is never ineffective for failing to raise a frivolous issue in post-verdict motions

3

or on appeal. Commonwealth v. Thuy, 424 Pa. Super. 482, 623 A.2d 327, 355 (1993); Commonwealth v. Tanner, 410 Pa. Super. 398, 600 A.2d 201, 206 (1991).

The law presumes that trial counsel was effective. Commonwealth v. Quier, 366 Pa. Super. 275, 531 A.2d 8, 9 (1987); Commonwealth v. Norris, 305 Pa. Super. 206, 451 A.2d 494, 496 (1982). Therefore, when a claim of ineffective assistance of counsel is made, it is the petitioner's burden to prove such ineffectiveness; that burden does not shift. Commonwealth v. Cross, 535 Pa. 38, 634 A.2d 173, 175 (1993), *cert. denied*, 115 S.Ct. 109, 130 L.Ed.2d 56 (Pa. 1994); Commonwealth v. Marchesano, 519 Pa. 1, 544 A.2d 1333, 1335-36 (1988); Commonwealth v. Tavares, 382 Pa. Super. 317, 555 A.2d 199, 210 (1989), *appeal denied*, 571 A.2d 382 (Pa. 1989).

## III. DISCUSSION

Petitioner alleges a plethora of issues regarding the ineffectiveness of trial counsel and direct appeal counsel. In addition, he claims that the imposition of a sentence of life in prison without the possibility of parole for an individual under the age of 25 is unconstitutional.

In the context of a PCRA claim, a petitioner must not only establish ineffective assistance of counsel, he must also show that the deficient performance prejudiced the defense. Petitioner is required to prove that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process which renders the result unreliable. *See* 42 Pa.C.S.A. §9543 (a)(2)(ii); Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (Pa. 1987). *See also* Commonwealth v. Hawkins, 586 Pa. 366, 376; 894 A.2d 716 (Pa. 2006). In order to determine whether Petitioner has been prejudiced by the quality of counsel's

4

representation, it is necessary to focus on the overall trial strategy and to view the lawyer's performance *in toto*. Commonwealth v. Buehl, 540 Pa. 493, 658 A.2d 771 (1995); Commonwealth v. Rowe, 411 Pa. Super. 363, 601 A.2d 833 (1992). As shown below, Petitioner has not alleged sufficient grounds to support his claim of trial counsel's ineffectiveness.

### *Failing to File Post-Sentence Motions*

Petitioner argues that counsel was ineffective for failing to file post-sentence motions to preserve a weight-of-the-evidence claim. Petitioner claims that there were significant inconsistencies in the witness' (Lin Liu) testimony; serious questions regarding the voluntariness of his confession; and no rebuttal presented to his alibi testimony. According to Petitioner, counsel was ineffective for failing to preserve this issue for appellate review. This argument must fail.

In Commonwealth v. Reaves, 592 Pa. 134, 923 A.2d 1119 (Pa. 2007), the Pennsylvania Supreme Court declared that the failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief.[2] Id. at 1132. Therefore, in order to obtain relief on a claim alleging ineffective assistance of counsel, a litigant must prove that the claim underlying the assertion of ineffectiveness has arguable merit, that counsel acted unreasonably, and that as a result of counsel's error, prejudice resulted. Id. *See* Commonwealth v. Daniels, 600 Pa. 1, 963 A.2d 409, 419 (Pa. 2009); Commonwealth v. Miller, 572 Pa. 623, 819 A.2d 504, 517 (Pa. 2002).

---

[2] In Reaves, the Court identified three situations in which a defendant was excused from having to prove prejudice in order to obtain relief on a claim of ineffective assistance of counsel. They are: "(1) when counsel fails to file a requested direct appeal; (2) when counsel neglects to file a requested petition for allowance of appeal with this Court; and (3) when counsel fails to file a court-ordered Pa.R.A.P.1925(b) Statement of Matters Complained of on Appeal and that failure results in the waiver of all direct appeal claims." Reaves, 923 A.2d at 1125 (citations omitted).

5

For an action or inaction by counsel to be considered prejudicial, there must be a reasonable probability that the outcome of the proceedings would have been different but for counsel's alleged error. Commonwealth v. Cox, 581 Pa. 107, 863 A.2d 536, 546 (Pa. 2004); Commonwealth v. Johnson, 572 Pa. 283, 815 A.2d 563, 573-74 (Pa. 2002). All three prongs of the above test must be satisfied. If a petitioner fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel. Commonwealth v. Pappas, 2004 PA Super 32, 845 A.2d 829, 844 (Pa. Super. 2004).

Petitioner first argues that there were significant inconsistencies in the testimony of a witness, Lin Liu. Mr. Liu testified that the decedent came into his restaurant and placed an order. While in the kitchen preparing the order, Mr. Liu heard people arguing at the counter. As he approached the counter he observed the decedent and two (2) other men, one of whom had a large gun. As Mr. Liu turned, he heard gunshots. Mr. Liu called the police and returned to the counter where he saw the decedent lying on the floor. After reviewing the restaurant security camera, Mr. Liu identified Petitioner; he knew the man with the gun (Petitioner) because he had frequented the restaurant almost every other day for the past four or five years. (12/3/08, pp. 18-20). Petitioner argued that there were inconsistencies in Mr. Liu's testimony. However, any inconsistencies were vigorously attacked on cross-examination and in closing arguments.

The second part of Petitioner's argument that counsel was ineffective for failing to file post-sentence motions to preserve a weight of the evidence claim, must also fail. Petitioner argues that since no rebuttal evidence was presented contradicting his alibi witness, counsel was ineffective for failing to file a post-sentence motion. The weight given to the evidence is wholly the province of the finder of fact "who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Hunzer, 868 A.2d 498, 506-507

6

(Pa. Super. 2005). The weight to be accorded conflicting evidence is exclusively for the fact-finder, whose findings will not be disturbed on appeal if they are supported by the record. Commonwealth v. Zapata, 290 A.2d 114 (Pa. 1972). A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. Id.; Commonwealth v. Saksek, 522 A.2d 70 (Pa. Super. 1987). Here, despite the fact that Petitioner's mother testified as an alibi witness and the Commonwealth did not present any evidence to rebut her testimony, the jury simply found Mr. Liu's testimony more credible.

The third part of Petitioner's argument also fails. As more thoroughly discussed *infra*, Judge Temin specifically found the detective's testimony credible and that all of the requirements of both the Pennsylvania Constitution and the United States Constitution had been complied with when Petitioner confessed to this murder. Petitioner gave a statement to police admitting that he was at the restaurant with Tyreek Brown and that after shooting the decedent, he and Mr. Brown split the $12.00 the decedent was carrying. Petitioner also told police that he used a .32 caliber gun to shoot the decedent.[3] This claim lacks merit, and counsel cannot be found ineffective for failing to raise a meritless claim. Even assuming that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, Petitioner has failed to prove that he was prejudiced by counsel's failure in view of the overwhelming evidence presented at trial.

---

[3] The type of gun used by the killer was not known to police until the ballistics report was received approximately three months after Petitioner gave his statement. The ballistics report showed that the gun used was a .32 caliber weapon.

7

### *Failing to File an Amended 1925(b) Statement*

Petitioner argues that counsel was ineffective for failing to seek or receive leave of the court to file an amended 1925(b) statement thereby waiving additional issues. This claim is completely without merit.

Despite finding the amended 1925(b) statement untimely since Petitioner failed to obtain an extension of time to file an amended 1925(b) statement, in the interest of judicial economy, Judge Temin addressed the three additional issues Petitioner wished to raise in a July 7, 2009 supplemental opinion.

Moreover, the Superior Court, in its April 1, 2011 memorandum opinion, specifically stated that Petitioner had not waived the claims raised in his June 12, 2009 amended 1925(b) statement. *See* Commonwealth v. Williams, 714 EDA 2009, pp. 10, 12-17 (Pa. Super. April 1, 2011) which addressed and rejected all the issues raised by Petitioner. Accordingly, trial counsel was not ineffective.

### *Motion to Suppress*

Petitioner argues that counsel was ineffective for failing properly to argue (and appeal) the denial of a motion to suppress his statement to police. This claim must also fail.

Petitioner argues that in addition to all the other issues raised by trial counsel to support the motion to suppress his statement to police, counsel should have argued one additional issue: the unnecessary delay between Petitioner's arrest and arraignment. According to Petitioner, he was held without being arraigned in excess of 6 hours. He argues that his statement should have been suppressed and that counsel was ineffective for not raising this issue at the motion or on

8

appeal.[4]

Contrary to Petitioner's assertion, the Pennsylvania Supreme Court has expressly rejected the "six-hour" rule in Commonwealth v. Perez, 845 A2d. 779 (Pa. 2004) and adopted a totality of the circumstances test to determine whether voluntary statements by the accused given more than six hours after arrest but before arraignment are admissible.

Here, both Detective Theodore Hagan and the Petitioner testified regarding the circumstances surrounding Petitioner's confession. Detective Hagan testified that Petitioner was given Miranda warnings, was uncuffed in the interview room, was not threatened or beaten, was provided with crackers and a soda, was afforded the opportunity to use the bathroom, and signed and initialed the statement. Petitioner, on the other hand, testified that he was handcuffed the entire time and was never given Miranda warnings; that the handwriting on the statement was not his; and that he had been beaten, scratched and choked. Judge Temin specifically found Detective Hagan's testimony credible and that there was complete compliance with the requirements of both the Pennsylvania Constitution and the United States Constitution. Therefore, counsel cannot be ineffective for failing to pursue a baseless claim.

### Curative Instruction

Petitioner argues that counsel was ineffective for failing to ensure that the trial court gave a complete curative instruction following the testimony of Petitioner's mother that she did not cooperate with investigators.

Petitioner argues that counsel was ineffective for failing to ask the court to give an additional curative instruction (it would have been the third one) advising the jury that his

---

[4] Petitioner has submitted no proof that he was held for more than 6 hours without being arraigned (there are no documents establishing a chronology of the Petitioner's custody between the time he was brought into the Homicide Unit and when he gave police his confession).

9

mother (his alibi witness) was under no obligation to speak to police and that the prosecutor should not have asked her about any statements to police.

Twice during the Commonwealth's examination of Petitioner's mother, Judge Temin gave a curative instruction to the jury advising them that they were not permitted to draw any prejudicial inferences from Petitioner's mother's refusal to speak with the police, thereby eliminating any potential negative inference from Petitioner's mother's refusal to speak to police. Based on the evidence presented at trial, a third curative instruction reiterating that Petitioner's mother was under no obligation to speak to police would not have changed the outcome. Petitioner has failed to demonstrate how a third curative instruction prejudiced him in light of the overwhelming evidence of his guilt and, therefore, this claim must fail. Again, counsel cannot be found to be ineffective for failing to pursue a baseless claim.

## Failure to "Federalize" Claims

In Petitioner's fifth claim for relief, he argues that counsel was ineffective for failing to "federalize" all claims raised on direct appeal. According to Petitioner counsel was ineffective for failing to ensure that those claims could be considered "fairly presented" and "exhausted" to permit federal review. This claim must also fail because how a federal court may or may not decide a future habeas corpus petition is not grounds for relief under the PCRA.

## Confusing Jury Charge

In Petitioner's sixth claim for relief, he argues that counsel was ineffective for "failing to object to a judge who was unfamiliar with the case charging the jury resulting in a confusing, misleading and inaccurate charge."

10

On the morning of December 5, 2008, Judge Temin extensively reviewed the jury charge with both counsel and informed counsel that she had a family matter to attend to at 2:00 p.m. and that Judge Minehart would be available. Immediately thereafter <u>Judge Temin</u> charged the jury and informed them of her family emergency. She also informed the jury that Judge Minehart would be available if they had any questions or needed assistance. At 11:07 a.m., the jury retired to deliberate. The jury returned with a verdict less than three (3) hours later. Judge Minehart took the verdict. It is not ineffective assistance of counsel to have another judge take a verdict.

The second part of his argument claims that counsel was ineffective for failing to object to the jury instructions: specifically, the instructions regarding (1) conspiracy and accomplice liability; (2) third degree murder; (3) robbery; (4) conflicting testimony; and (5) the court's use of slides during the instructions.

When reviewing a challenge to a jury instruction, an appellate court must review the charge as a whole. <u>Commonwealth v. Spotz</u>, 759 A.2d 1280 (Pa. 2000); *see also* <u>Commonwealth v. Jones</u>, 683 A.2d 1181 (Pa. 1996). An appellate court will uphold an instruction if it adequately and accurately reflects the law and is sufficient to guide the jury through its deliberations. <u>Id</u>. *citing* <u>Commonwealth v. Ahlborn</u>, 657 A.2d 518, 520 (Pa. Super. 1995). Error will not be predicated on isolated excerpts. Instead, the general effect of the charge controls. <u>Id</u>. *citing* <u>Commonwealth v. Zewe</u>, 663 A.2d 195, 201 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1248 (Pa. 1996). An erroneous charge warrants the grant of a new trial unless the reviewing court is convinced beyond reasonable doubt that the error is harmless. <u>Id</u>. Judge Temin used language very similar to that set forth in the Pennsylvania Suggested Jury Instructions, and counsel cannot be found ineffective for failing to make a frivolous objection.

11

To determine whether a jury instruction resulted in a violation of Petitioner's due process rights, the jury instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Estelle v. McGuire, 502 U.S. 62, 72 (1991) (*quoting* Cupp v. Naughten, 414 U.S. 141, 147 (1973)). In addition, even if there is a flaw in the instruction, the error would not present a due process violation unless it presented "*actual* and substantial disadvantage" to the defendant, thereby "infecting his entire trial with errors of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). Here, viewed in context of instructions as a whole, there was no violation of Petitioner's due process rights. Counsel cannot be found to be ineffective for failing to pursue a baseless claim. This claim must fail.

### *Life Without Parole*

Petitioner argues that the imposition of a sentence of life in prison without parole was a violation of his constitutional rights. According to Petitioner, pursuant to Miller v. Alabama, 132 S.Ct. 2455, 183 L. Ed. 2d 407 (2012),[5] his rights under the Eighth Amendment of the United States Constitution and Article I of the Pennsylvania Constitution were violated when Judge Temin sentenced him to life without the possibility of parole for the conviction of murder in the first degree.

Here, Petitioner was over 17 years of age (DOB 9-12-87) at the time this murder was committed on June 25, 2007 (at the time of the murder, Petitioner was 19 years old). Neither the Supreme Court nor the Legislature has extended the criteria considered in Miller to those

---

[5] In Miller, the United States Supreme Court ruled that juveniles who commit homicide offenses should not *automatically* be sentenced to life without parole. They can still be sentenced to life without parole but not until considering and make findings on the record regarding certain criteria.

12

between the ages of 18 to 25. For Petitioner, no relief is due.

*Cumulative Errors*

Finally, Petitioner argues that he is entitled to relief because of the cumulative effect of the above errors. According to Petitioner, collectively and cumulatively, these errors denied Petitioner his rights to due process of law and his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Pennsylvania Constitution. Petitioner cannot be prejudiced by non-existent errors and, therefore, no relief is due on this issue. No number of failed claims may collectively attain merit if each could not do so individually. Commonwealth v. Williams, 615 A.2d 716, 722 (Pa. 1992); Commonwealth v. Ellis, 700 A.2d 948, 962 n6 (Pa. Super. 1997); Commonwealth v. Baez, 554 Pa. 66 (1998).

## IV. CONCLUSION

Petitioner has failed to demonstrate any basis for relief. In the absence of any meritorious challenge which can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. No relief is due.

For the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT:

STEVEN R. GEROFF, J.

13