J-S14010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRELL CARTER | : | |
| | : | |
| Appellant | : | No. 1247 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0709851-1992

BEFORE: BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                     **FILED APRIL 29, 2020**

Terrell Carter appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

When he was twenty-two years old, Appellant shot and killed Evan Gary Smith. Appellant was convicted of second-degree murder and was sentenced to life imprisonment without possibility of parole ("LWOP") in 1993. Appellant's direct appeal afforded him no relief, and his initial attempts at obtaining collateral relief were unsuccessful.

On August 22, 2012, Appellant filed a *pro se* PCRA petition invoking the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S. 460, 465 (2012) (holding that mandatory LWOP sentences "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"). The court took no action on the petition.

Appellant filed an amended *pro se* petition on March 24, 2016, referencing **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) (holding that **Miller** announced a new substantive rule of law that applies retroactively). The case was assigned to a judge in August 2017. Counsel entered an appearance in June 2018, and filed an amended petition stating four claims:

(i)     [Appellant]'s sentence is unconstitutional because his youth at the time of the offense rendered him categorically less culpable under **Miller**;

(ii)    [Appellant]'s sentence is unconstitutional because his lack of any intent to kill due to intoxication rendered him categorically less culpable under **Miller**;

(iii)   [Appellant]'s sentence is unconstitutional because the combined effect of his youth at the time of the offense, his lack of any intent to kill due to intoxication, and his sustained adolescent substance abuse rendered him categorically less culpable under **Miller**; [and]

(iv)    [Appellant]'s sentence is unconstitutional because Pennsylvania law permitting the imposition of mandatory life without parole sentences on 18-25 year-olds when such a sentence is now prohibited for 17-year-olds lacks a rational basis and therefore violates the equal protection rights of Petitioner under the U.S. and Pennsylvania constitutions.

Amended PCRA Petition, 11/25/18, at 2.

On February 26, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition as untimely filed pursuant to Pa.R.Crim.P. 907. After considering Appellant's response, in which he argued that the claim was reviewable as a petition for a writ of *habeas corpus* if relief was not available under the PCRA, the PCRA court dismissed the petition as untimely by order

of March 28, 2019. Appellant filed a timely appeal. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, but did author an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following questions for this Court's consideration:

I.      Did the court of common pleas err in rejecting Appellant's claim that the right established in *Miller v. Alabama* applies to [Appellant] who possessed those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court?

II.     Did the court of common pleas abuse its discretion in failing to hold an evidentiary hearing where [Appellant] had raised issues of material fact that entitle him to relief?

III.    Did the court of common pleas err in declining to construe Appellant's petition as a petition for writ of *habeas corpus* even though his claims are not cognizable under the PCRA?

IV.     Did the court of common pleas abuse its discretion in failing to hold an evidentiary hearing to determine whether Appellant's petition for writ of *habeas corpus* entitled him to relief under the United States and Pennsylvania constitutions?

Appellant's brief at 4 (unnecessary capitalization omitted).

Before we consider the substance of Appellant's claims, we must determine the proper framework for our review. We begin by noting that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013).

"Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa.Super. 2001). As our Supreme Court has explained:

> The plain language of Section 9542 demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (internal alteration and citation omitted; emphasis removed).

Appellant's claim is that his sentence is illegal as violative of the Eighth Amendment to the U.S. Constitution and Article I, § 13 of the Pennsylvania Constitution. This Court has expressly held that such claims are clearly cognizable under the PCRA, and therefore must be construed under the provisions of the PCRA rather than under those applicable to a petition for writ of *habeas corpus*. ***See Commonwealth v. Montgomery***, 181 A.3d 359, 367 (Pa.Super. 2018) (*en banc*) (citing, *inter alia*, 42 Pa.C.S. § 9543(a)(2)(vii)). Hence, the PCRA court properly treated Appellant's petition as a PCRA petition. Appellant's third and fourth issues merit no relief from this Court.

Our next task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa.Super. 2011).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence became final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

Appellant's petition is facially untimely since his judgment of sentence became final in 1994. Furthermore, Appellant candidly acknowledges that this Court's decision in ***Commonwealth v. Lee***, 206 A.3d 1 (Pa.Super. 2019) (*en banc*), "forecloses his claim that his [p]etition meets the timeliness exceptions under the PCRA and that he is therefore entitled to an evidentiary hearing to determine whether his sentence is unconstitutional under ***Miller***." Appellant's brief at 13-14. In ***Lee***, this Court recognized Appellant's argument that the principles and science underlying the ***Miller*** holding are not limited to juveniles, but also extend to young adults. *See **Lee***, ***supra*** at 10. Nonetheless, we indicated that questions of who qualifies as a juvenile and whether ***Miller*** should apply to immature people who were over eighteen when they committed their murders "are better characterized as questions on

the merits, not as preliminary jurisdictional questions under section 9545(b)(1)(iii)." *Id*. While acknowledging the compelling nature of the argument that the rationale behind the *Miller* decision may apply to people beyond the age of majority, this Court found it "untenable to extend *Miller* to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii)." *Id*.

Appellant argues extensively that *Lee* was wrongly decided, and that he has presented a colorable claim that he has timely sought PCRA relief under *Miller*. *See* Appellant's brief at 14-40. Of course, his argument is untenable. *See*, *e.g.*, *Commonwealth v. Bucknor*, 657 A.2d 1005, 1007 (Pa.Super. 1995) (noting that, even if we disagreed with a prior decision, "as a three judge panel we are bound by the rulings of a court *en banc*.").

Appellant is free to seek review of his claims and the validity of the *Lee* decision in our Supreme Court. However, under the existing law, this Court must affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/29/2020*