J-S41042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN WRIGHT, | |
| Appellant | No. 3341 EDA 2015 |

Appeal from the PCRA Order October 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1004742-1979

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED MAY 10, 2016**

Appellant John Wright appeals *pro se* the order entered in the Court of Common Pleas of Philadelphia County on October 21, 2015, by the Honorable Jeffrey P. Minehart dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Following a review of the record, we affirm.

On May 2, 1980, Appellant entered a non-negotiated guilty plea to burglary and criminal conspiracy after he had been arrested for illegal entry into a bar and a roll of nickels was confiscated from him.  On May 5, 1980,

_____

[1] 42 Pa.C.S.A. §§ 9541-46.

*Former Justice specially assigned to the Superior Court.

Appellant received three years of probation on the burglary charge and a three year concurrent sentence of probation on the conspiracy charge.

While on probation and following a jury trial, Appellant was convicted of rape, aggravated assault, simple assault, involuntary deviate sexual intercourse, unlawful restraint, recklessly endangering another person and terroristic threats. On January 11, 1983, Appellant was sentenced to twenty-eight and one-half years to fifty-seven years in prison for those crimes. Additionally, on October 19, 1983, the trial court revoked Appellant's probation and imposed a consecutive prison sentence of fifteen years to thirty years.

The trial court denied Appellant's petition to reconsider sentence, and this Court denied his direct appeal on January 27, 1986, for his failure to file an appellate brief. Thirteen years later on November 16, 1999, Appellant filed his first PCRA petition. Counsel was appointed and filed an amended petition on May 18, 2000. Therein, Appellant alleged his failure to file a timely PCRA petition was due to the interference of government officials (trial counsel) and that the facts upon which his claim was predicated had been unknown to him and could not have been ascertained sooner with due diligence. The PCRA court dismissed Appellant's petition as untimely on March 28, 2001.

This Court affirmed on June 19, 2002, and specifically rejected Appellant's claim that his petition was an extension of his request for

collateral relief that had been filed in 1984 while his direct appeal was pending. We also found no merit to Appellant's argument that an exception to the PCRA time-bar applied and clarified that counsel's ineffectiveness does not constitute after-discovered evidence under the enumerated exceptions to the timeliness provisions. *Commonwealth v. Wright*, 806 A.2d 468 (Pa.Super. 2002) (unpublished memorandum), *appeal denied*, 573 Pa. 666, 820 A.2d 704 (2003). Appellant filed two, additional PCRA petitions on June 26, 2006, and May 8, 2008, respectively. Both of these petitions were dismissed as untimely.

On March 2, 2015, Appellant filed the instant PCRA petition, and after providing Appellant with notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed it as untimely on October 21, 2015. Therein, as he had done previously, Appellant asserted both that the petition is an extension of the one he had filed in 1984 and that the newly-discovered facts exception to the PCRA time-bar applies because he only recently discovered prior counsel's ineffectiveness.

Appellant presents the following question for our review:

> Whether the post conviction court erred in dismissing [A]ppellant's post conviction petition as untimely?

Appellant's Brief at 2.

Initially, we must determine whether Appellant's fourth PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa. Super. 2000). "Our standard of review of the denial of PCRA relief is clear;

we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

>    (i)    the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."  *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citations omitted).

Instantly, Appellant was sentenced on October 19, 1983, and this Court affirmed his judgment of sentence on January 27, 1986.  Appellant did not file a petition for allowance of appeal with the Supreme Court. Therefore, Appellant's judgment of sentence became final thirty days thereafter on February 26, 1986.  *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]").  In Appellant's case, a timely first petition for post-conviction relief would have had to have been filed by January 16, 1997, pursuant to the grace period provided for petitioners whose judgments of sentence became final prior to the effective date of the amended PCRA. *Commonwealth v. Davis*, 916 A.2d 1206, 1208-09 (Pa.Super. 2007)

(explaining that the 1995 amendments to the PCRA provide that if a judgment of sentence became final before the January 16, 1996, the effective date of the amendments, a PCRA petition will be considered timely if filed within one year of the effective date of the amendments, or by January 16, 1997; however, this grace period applies only to first PCRA petitions). Appellant filed the instant PCRA petition, his fourth, on March 2, 2015; therefore, it is patently untimely.

Appellant argues his petition is not time-barred because it is an extension of his PCRA petition filed in 1984. In support of this assertion, Appellant relies upon *Commonwealth v. Leasa*, 759 A.2d 941 (Pa.Super. 2000); *Commonwealth v. Peterson*, 756 A.2d 687 (Pa.Super. 2000) and *Commonwealth v. Robinson*, 781 A.2d 152 (Pa.Super. 2001) for the proposition that an untimely, serial PCRA petition may be construed as an extension of a timely filed, previously dismissed first PCRA petition where an appeal had been taken from the denial of the first PCRA petition but this Court ultimately dismissed the appeal for Appellant's failure to file a brief. As the Commonwealth notes, our Supreme Court overruled this line of cases in *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003). Therein, the Court rejected the argument Appellant presents herein, and held that neither the language of the PCRA nor caselaw authorizes the suspension of the PCRA time-bar for any reason other than the three exceptions enumerated in 42 Pa.C.S. § 9545(b)(1). *Id*. at 1163. Moreover, as this Court had previously

stated when considering Appellant's first PCRA petition, a conclusion that counsel had been ineffective is not the type of after-discovered evidence encompassed by the PCRA time-bar exception. *See Gamboa-Taylor*, *supra*.

Appellant further claims Section 9545(b)(1)(ii) is applicable herein. In support of this position, Appellant states he just recently discovered court appointed counsel had been ineffective for waiving his right to be present at his "modification hearing" without first conferring with Appellant and that no sentencing order had been issued after his probationary sentence had been vacated which left him unsentenced. He further explains "these facts were made known to [him] by the law clerks at the institutional law library." *See* PCRA petition, 3/2/15 at 3. Despite these claims, Appellant attached to his PCRA petition a letter he had in his possession allegedly authored and signed by trial counsel and dated June 6, 1984, wherein counsel discussed a possible sentencing error in Appellant's case. Also attached to the petition are additional letters allegedly authored and signed by trial counsel and dated October 25, 1984, and September 13, 1985, which discuss Appellant's resentencing. This correspondence belies Appellant's claim he was not aware of the trial court's ruling until 2015, thirty years later.

In addition, as the trial court notes, Appellant's sentence was proper. In the letter dated June 6, 1984, counsel indicated Appellant may have remained "unsentenced" after he filed his motion for reconsideration of

sentence; however, counsel clearly noted the trial court denied Appellant's motion for reconsideration on May 9, 1984. In addition, a review of the docket reveals that the trial court denied Appellant's motion for reconsideration and affirmed the sentence of fifteen years to thirty years in prison. *See also* Trial Court Opinion, filed 12/3/15, at 4 n. 8.

Based on the foregoing, we find the PCRA court lacked jurisdiction to consider the merits of Appellant's fourth PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm the PCRA court's October 21, 2015, Order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016